FERRETERÍA MATOS, INC., ÁNGEL L. MATOS PÉREZ y su esposa, IRMA PADRÓ, demandantes y peticionarios, *v.* PUERTO RICO TELEPHONE CO. y JANE DOE CORP., ETC., demandados y recurridos.

*Número:* O-79-494    *Resuelto:* 30 de junio de 1980

*Antonio B. Santiago*, abogado de los recurrentes; *Migdalia Torres Díaz, Pedro A. Quiñones Vélez, José R. Ortiz, Ismael Justiniano* y *José M. Rodríguez*, abogados de la P.R. Telephone Co.

PER CURIAM: Las partes aquí peticionarias instaron demanda contra Puerto Rico Telephone Co. ante el Tribunal Superior, Sala de Ponce, en la que reclamaron $25,000 por alegados daños y perjuicios como consecuencia del corte del servicio telefónico al negocio de ferretería y al hogar de los cónyuges demandantes, no obstante haber pagado por dicho

servicio. La Sala de Aibonito, a la que fue trasladado el caso, declaró con lugar la defensa afirmativa promovida por la demandada de que el Reglamento Tarifario promulgado por la Autoridad de Teléfonos, aplicable a la demandada, limita su responsabilidad a la cantidad de $5,000, y que conforme al Art. 10 de la Ley Núm. 25, de 6 de mayo de 1974 (27 L.P.R.A. sec. 410), el Departamento de Asuntos del Consumidor (D.A.C.O.) tiene jurisdicción exclusiva en el caso. Los demandantes recurrieron ante nos.

Expedimos orden de mostrar causa por la cual no debamos revocar dicha determinación. La parte recurrida ha comparecido, pero no nos convence.

La citada Ley Núm. 25, de 6 de mayo de 1974, creó la Autoridad de Teléfonos de Puerto Rico, Art. 4 (27 L.P.R.A. sec. 404). En su Art. 5 (27 L.P.R.A. sec. 405) autorizó a dicha Autoridad a adquirir por compra las acciones comunes de la Puerto Rico Telephone Company. Por su Art. 7 (27 L.P.R.A. sec. 407) autorizó a la Autoridad, en su inciso (b), a "adoptar, enmendar y derogar reglamentos para regir sus asuntos y sus negocios y para prescribir reglas, reglamentos y normas en conexión con el cumplimiento de sus funciones y deberes"; y en su inciso (m), a "determinar, fijar, imponer, cargar, alterar y cobrar tarifas razonables...".

El Art. 10 de la citada Ley, 27 L.P.R.A. sec. 410, dispone lo siguiente en su último párrafo:

El Departamento de Asuntos del Consumidor tendrá jurisdicción exclusiva y original para adjudicar toda reclamación de daños y perjuicios hasta la suma de cinco mil (5,000) dólares con motivo de negligencia en la prestación del servicio telefónico a los usuarios de la Autoridad o de cualquiera de sus subsidiarias. El Tribunal Superior . . . podrá revisar estas decisiones mediante el recurso de apelación.

El Reglamento sobre Prestación de Servicio de Facilidades de Comunicación, adoptado por la Autoridad de Teléfonos el 26 de septiembre de 1974 para regir a partir del 1 de octubre de 1974, dispone en su Capítulo II, Sec. 102:

En todo caso de reclamación de daños y perjuicios relacionados con el servicio telefónico, la responsabilidad de la Compañía solo estará limitada a la cantidad de CINCO MIL DOLARES ($5,000).

Alega la parte demandante aquí peticionaria que esta disposición reglamentaria es nula por no estar autorizada por la ley habilitadora de la Autoridad. Argumenta la recurrida que dicha autorización está implícita en el poder de fijar tarifas que a la Autoridad le confiere la Ley en su citado Art. 7, inciso (m).

■ El Art. 10, en cuyo último párrafo, antes transcrito, se centra la controversia ante nos, es claro. Confiere jurisdicción exclusiva a D.A.C.O. para adjudicar reclamaciones como la que aquí nos ocupa, "hasta la suma de cinco mil (5,000) dólares". No dice allí que la responsabilidad de la Autoridad y de sus subsidiarias (como lo es la recurrida) está limitada a cinco mil dólares, sino que hasta esa cantidad la jurisdicción exclusiva para entender en la reclamación es de D.A.C.O.

■ Hemos tratado de hallar en el historial legislativo de la Ley Núm. 25, de 6 de mayo de 1974, que se originó como el P. del S. 737, si la intención legislativa en alguna forma manifestada pugna con la letra clara de la citada disposición, pero nada hemos hallado al respecto. Es harto conocido el principio de hermenéutica, consignado en el Art. 14 del Código Civil, 31 L.P.R.A. sec. 14, de que:

Cuando la ley es clara y libre de toda ambigüedad, la letra de ella no debe ser menospreciada bajo el pretexto de cumplir su espíritu.

Uniformemente hemos aplicado este principio. *Warner Lambert Co.* v. *Tribunal Superior*, 101 D.P.R. 378, 401 (1973); *Román* v. *Superintendente de la Policía*, 93 D.P.R. 685 (1966); *López* v. *Muñoz, Gobernador*, 81 D.P.R. 337 (1959); *Caguas Bus Line* v. *Sierra, Comisionado*, 73 D.P.R.

743 (1952). En *Rodríguez Rodríguez* v. *Gobernador*, 91 D.P.R. 101, 107 (1964), señalamos que "[l]a semántica a un lado, la ley es la expresión de un propósito o fin deseado y querido". Más adelante, dijimos, "El texto claro de la ley es la expresión por excelencia de la intención legislativa".

En cuanto al límite de cinco mil dólares establecido por el Reglamento para toda reclamación, no hallamos en la Ley citada autorización para ello. De hecho, la clara disposición del Art. 10, a la que nos hemos referido, nos convence de que el legislador no tuvo la intención de imponer y mucho menos autorizar tal límite. De haberlo querido, lo hubiese expresado sin ambages. Se desprende de dicho artículo la intención de conferir a D.A.C.O. jurisdicción exclusiva en reclamaciones que no excedan de cinco mil dólares. Cuando una reclamación excede de esa cantidad, los tribunales de justicia, de jurisdicción general, pueden conocer de ellas.

El tope o límite de $5,000 dispuesto en el Reglamento Tarifario de la Autoridad podría justificarse a base de reducir con ello las tarifas. Pero la facultad para así hacerlo no la confirió el legislador a la Autoridad. Interpretar lo contrario implicaría una delegación de poder legislativo en una agencia administrativa. En tales casos, la intención de hacer tal delegación debe surgir claramente del estatuto. *López* v. *Junta de Planificación*, 80 D.P.R. 646 (1958), pág. 661 y casos allí citados.

*Se expedirá el auto y se dictará sentencia para revocar la resolución recurrida y ordenar la continuación de los procedimientos ante el tribunal de instancia.*