ANGEL NEGRON
Querellante-Recurrido

v.

CONDOMINIO VILLAS DE BAYAMON
Querellado-Recurrente

DEPARTAMENTO DE ASUNTOS DEL CONSUMIDOR
Agencia Administrativa

Núm. KLRA-98-0293

San Juan, Puerto Rico, a 17 de agosto de 1998

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Miranda De Hostos y Giménez Muñoz

Giménez Muñoz, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Se recurre de la resolución del Departamento de Asuntos del Consumidor (DACO) que anulara una asamblea de titulares efectuada a segunda hora, pero el mismo día en que fuera convocada la primera reunión.

Los hechos que preceden la controversia, según consta de los documentos sometidos son los siguientes: El Consejo de Titulares del Condominio Villas de Bayamón, convocó, como primera convocatoria, a una asamblea de condóminos a ser celebrada el *"28 de agosto de 1997, a las 7:30 p.m. y de no lograrse el quórum se cita a una segunda convocatoria a las 8:00 p.m. del mismo día, en el mismo lugar"*. En la convocatoria se incluyó la agenda y en ésta se incluyó el concepto *"Aumento Cuota de Mantenimiento y otros asuntos"*.

En vista de que no hubo *quórum* para la primera hora convocada, a las 7:30 p.m., la Junta procedió a celebrar la reunión en la segunda hora, el mismo día a las 8:00 p.m., tal y como lo había programado.

El 4 de septiembre de 1997, el Sr. Angel R. Negrón presentó querella ante el DACO, por considerar que la asamblea era nula al aprobarse un aumento de cuotas de mantenimiento en una reunión que adoleció de varias irregularidades.

Celebrada una vista administrativa el 18 de diciembre de 1997, el DACO emitió resolución indicando que la asamblea celebrada en segunda convocatoria a reunión era nula y procedió a decretar sin valor la asamblea de titulares así como los acuerdos tomados en la misma. La resolución del DACO expresa que *"este Departamento ha interpretado el Artículo 38C(a) en el sentido de que cuando no se puede obtener el quórum por falta de asistencia en la primera convocatoria, se procederá a citar a una nueva convocatoria (segunda convocatoria) en una fecha posterior a la primera. No debe ser el mismo día"*.

Inconforme con lo resuelto, acude el Condominio Villas de Bayamón y señala que el DACO erró al emitir una resolución que es contraria a la Ley de Propiedad Horizontal y resolver que es nula la asamblea que fuera celebrada.

La parte recurrida y la agencia recurrida han comparecido, por lo que procedemos a resolver a continuación. Quede claro que ninguno de los dos recurridos cuestiona la notificación de la convocatoria, como tampoco la aprobación de las propuestas anunciadas. Arguyen, sin embargo, que la interpretación del DACO, anulando la asamblea celebrada a segunda hora, es correcta. Veamos.

**II**

La Ley Núm. 157 del 4 de junio de 1976, enmendó sustancialmente la Ley Núm. 104 del 25 de junio de 1958, Ley de Propiedad Horizontal, 31 L.P.R.A. sec. 1291 *et seq.*, con el propósito de atender los problemas más frecuentes que se habían suscitado a lo largo de casi dos décadas de vigencia de la legislación original. Godreau, *El Condominio: El Régimen de Propiedad Horizontal,* 1992, pág. 7. Una posterior ley enmendadora de esas leyes, aprobada en 1995, tampoco dispuso respecto a la convocatoria y la celebración de una asamblea el mismo día de una primera convocatoria, suspendida por falta de *quórum*. La Ley pues, guarda silencio sobre el plazo que debe transcurrir entre convocatorias, es decir, respecto a la validez de una segunda convocatoria y la reunión posterior celebrada en un mismo día.

El Artículo 38-C, 31 L.P.R.A. 1293b-3 dispone:

*"a) Cuando en una reunión para tomar un acuerdo no pudiere obtenerse quórum por falta de asistencia de los titulares, se procederá a nueva convocatoria con los mismos requisitos que la primera, y en tal reunión constituirán quórum los presentes."*

La referida disposición no excluye el convocar y celebrar un segunda reunión en un mismo día pero, tampoco lo afirma. Ese artículo se limita a autorizar una segunda reunión para el caso de falta de *quórum* en la primera convocatoria. La disposición en cuestión abandona, pues, el requisito del

*quórum* en el caso de que en la primera reunión convocada no exista *quórum* para que pueda celebrarse una segunda reunión aun sin *quórum*.

De otra parte, el Artículo 38A de la Ley de Propiedad Horizontal, 31 L.P.R.A. sec. 1293(b)(1), la cual versa sobre la redacción o confección de la convocatoria, tampoco dispone el plazo que debe transcurrir entre una y otra reunión convocada. Así, queda entendido que el legislador guardó silencio sobre la validez de una segunda reunión citada dentro de un mismo documento de convocatoria, para el mismo día, a una hora más tarde de la primera.

Es un principio de hermenéutica legal que al interpretar un estatuto no deben tomarse aisladamente algunas de sus disposiciones, sino que deben considerarse en conjunto. Más cuando la ley es clara y libre de ambiguedad la letra de la ley no debe ser menospreciada bajo el pretexto de cumplir con su espíritu. *Ferretería Matos, Inc. v. P.R. Tel. Co.*, 110 D.P.R. 153 (1980); Artículo 14 del Código Civil, 31 L.P.R.A. sec. 14. De existir alguna duda debemos aclararlas recurriendo al sentido que mejor responda a realizar el resultado que persigue el legislador. *González Pérez v. E.L.A.*, 138 D.P.R. ___ (1995), **95 J.T.S. 52.** Las interpretaciones literales y restrictivas que resulten en consecuencias absurdas deben evitarse. *Esso Standard Oil v. A.P.P.R.*, 95 D.P.R. 772 (1968).

Generalmente, cuando en un estatuto se usan términos permisivos como *"podrá"*, se concede discreción, pero, cuando se utilizan términos obligatorios o imperativos, se impone un deber ministerial. *Capó v. A. Hartman & Cía.*, 57 D.P.R. 196 (1940).

La interpretación de un estatuto por el organismo facultado por ley para velar por su administración y cumplimiento merece gran respeto y deferencia. *Srio. D.A.C.O. v. J. de Condóminos C. Martí*, 121 D.P.R. 807 (1988). La interpretación no necesita ser la única razonable para que merezca esa deferencia, basta con que sea razonable y consistente con el propósito legislativo. *De Jesús v. Depto. Servicios Sociales*, 123 D.P.R. 407 (1989).

Considerada en conjunto la Ley de Propiedad Horizontal, estimamos que la mejor regulación detallada del régimen se obtiene promoviendo la plena participación en las reuniones y decisiones de las asambleas de los propietarios. Compartimos la visión de que aunque se permita la convocatoria de dos reuniones en un mismo documento debe evitarse su celebración en un mismo día en horas tan cercanas que vulnere la participación deseada. No obstante, esa posición no aparece se haya establecido vía reglamentación ni por medio de decisiones fundamentadas y consistentes en los casos y asuntos de esta naturaleza que atiende el DACO. En la resolución recurrida, el DACO no fundamenta la misma, no señala los casos y circunstancias anteriores en que haya interpretado el Artículo 38C (a) en el sentido de prohibir una segunda reunión a hora posterior del mismo día. En otras palabras, no estamos ante la existencia de una norma establecida o desarrollada por los casos, como tampoco por ley o reglamento.

Este Tribunal desconoce el análisis realizado por el DACO para establecer la referida norma y decretar la nulidad de la segunda reunión. Por tanto, tratándose de la agencia encargada de velar por el cumplimiento de la ley, la que atiende las diversas situaciones y asuntos que surgen análogos al que consideramos, en ausencia de su análisis, no estamos en condiciones de sostener su resolución. El DACO debe establecer una norma respecto a la celebración de las dos reuniones dispuesta por la ley en días u horas distintas, debe hacerlo reglamentariamente o fundamentar en los casos bajo su atención el por qué considera nula determinada convocatoria de forma que surja uniformidad y consistencia en sus dictámenes. [1]

Por las consideraciones expresadas, se expide el recurso solicitado y se revoca la resolución recurrida.

Así lo acordó el Tribunal y lo certifica la Secretaria General.

Aida I. Oquendo Graulau
Secretaria General

1. Contrario a lo indicado por el DACO, el recurrente presentó copia de una resolución anterior que demuestra inconsistencia.