ISRAEL RIVERA SOTO, recurrido, *v.* JUNTA DE CALIDAD AMBIEN-TAL, peticionaria.

*Número:* CT-2004-3          *Resuelto:* 3 de marzo de 2005

4

*Roberto J. Sánchez Ramos*, procurador general, abogado de la parte peticionaria; *Germán A. Novoa Rodríguez*, abogado de la Junta de Calidad Ambiental; *Rosaura Rivera Trani*, abogada de la parte recurrida.

PER CURIAM: En esta ocasión nos corresponde determinar si la mera notificación al Estado de la presentación de un recurso de revisión administrativa activa automáticamente el término provisto en la Regla 63(A) del Reglamento del Tribunal de Apelaciones para que el Estado presente su comparecencia ante el Tribunal de Apelaciones. Resolvemos que, conforme al texto claro de la Ley de la Judicatura del Estado Libre Asociado de Puerto Rico de 2003, Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. sec. 24 *et seq.*) (Ley de la Judicatura), la obligación del Estado a comparecer surge sólo luego de que el tribunal le requiera su comparecencia.

I

El 23 de septiembre de 2004 el recurrido, Sr. Israel Rivera Soto, presentó ante el Tribunal de Apelaciones un recurso de revisión de una orden que emitió la Junta de Calidad Ambiental (la Junta) el 14 de agosto de 2004, que fue archivada en autos el 24 de agosto de 2004. Mediante su escrito de revisión, el señor Rivera Soto impugnó la denegatoria de una solicitud de descubrimiento de prueba por parte de la agencia.

No surge del expediente notificación a los efectos de que el Tribunal de Apelaciones haya solicitado la comparecencia del Estado Libre Asociado en el procedimiento. De otro lado, consta en el expediente una resolución del Tribunal de Apelaciones, notificada y archivada en autos el 20 de octubre de 2004, que indica que "[c]onforme a lo dispuesto por la

Regla 63 del Reglamento del Tribunal de Apelaciones, la agencia recurrida, Junta de Calidad Ambiental dispone de 30 días para presentar su alegato". Apéndice de la Solicitud de certificación, pág. 2. Informa la resolución que "[d]icho término *comenzó a decursar en la fecha en que le fue notificado el recurso de revisión*".([1]) (Énfasis suplido.) Íd. En consecuencia, el tribunal determinó que el término provisto vencía el 25 de octubre de 2004.

El 22 de octubre de 2004, mediante Moción Informativa y en Solicitud de Término Adicional, la Junta manifestó que, contrario a la determinación del Tribunal de Apelaciones, el término para comparecer comenzó a decursar a partir de la fecha de la notificación del tribunal que requirió la comparecencia de la Junta. Además, solicitó una prórroga de treinta días adicionales para presentar su posición sobre los méritos del recurso de revisión.

Estando la Moción Informativa y en Solicitud de Término Adicional pendiente de consideración ante el Tribunal de Apelaciones, la Junta acudió a nosotros en un recurso de certificación. En el escrito presentado, el Procurador General, en representación de la Junta, nos indica que distintos paneles del Tribunal de Apelaciones han interpretado de forma divergente cuándo es que comienza a decursar el término de treinta días que establece la Regla 63(A) del Reglamento del Tribunal de Apelaciones para que el Estado se exprese sobre un recurso de revisión administrativa. Señala el Procurador General que para algunos paneles el término de treinta días comienza a transcurrir automáticamente, una vez notificado el recurso

---

([1]) La Regla 63(A) del Reglamento del Tribunal de Apelaciones, en lo pertinente, dispone:

"(A) Dentro de los treinta días siguientes a la notificación del recurso de revisión, la agencia, funcionario o funcionaria, así como cualquiera de las demás partes, deberán presentar su alegato en oposición al recurso." *In re Aprobación Reglamento T.A.*, 162 D.P.R. 444, 532 (2004).

de revisión administrativa;(²) mientras, otros entienden que ese término comienza a transcurrir cuando el tribunal expresamente ordena la comparecencia del Estado.(³) El Procurador General señala que esta falta de uniformidad afecta adversamente la representación del Estado, por lo que nos solicita que expidamos el recurso de certificación y nos expresemos sobre la correcta tramitación de un recurso de revisión administrativa, conforme dispone la Ley de la Judicatura. Como único error, la Junta señala lo siguiente:

> Erró el Honorable Tribunal de Apelaciones, al decretar que el término [de] treinta (30) días dispuesto para que las agencias y funcionarios del Estado Libre Asociado de Puerto Rico comparezcan a expresar su criterio en cuanto a los recursos de revisión administrativa decursa automáticamente a partir de la notificación del recurso. Esto pues, el artículo 4.006(c) de la Ley de la Judicatura e[x]presamente dispone que no será obligatoria la comparecencia del Estado Libre Asociado a menos que así lo determine el Tribunal. Solicitud de certificación, pág. 6.

Por tratarse de una cuestión de alto interés para la administración de la justicia y ante el conflicto existente a nivel del Tribunal de Apelaciones, ordenamos a la parte recurrida que, en un término de veinte días, compareciera a mostrar causa por la cual no debamos expedir el auto solicitado y revocar la determinación del Tribunal de Apelaciones. El término concedido transcurrió sin que la parte recurrida compareciera o solicitara prórroga para comparecer.

Evaluado el recurso de certificación presentado, resolvemos conforme intimamos.

---

(²) Véanse: *Jorge Alicea Rodríguez v. Junta de Libertad Bajo Palabra*, KLRA200400574, Resolución de 9 de septiembre de 2004; *Zahyra Ramírez Mercado v. Departamento de la Familia*, KLRA200400786, Resolución de 19 de octubre de 2004; *Myriam Medina Candelaria v. Departamento de la Familia*, KLRA200400724, Resolución de 20 de septiembre de 2004.

(³) Véase *Francisco Mercado Alamo v. Administración de Corrección*, KLRA200400329, Resolución de 28 de septiembre de 2004.

## II

Tenemos ante nosotros una solicitud de certificación para que aclaremos cuándo comienza a decursar el término para presentar un alegato en oposición a una petición de revisión administrativa, habida cuenta de las posiciones divergentes asumidas por varios paneles del Tribunal de Apelaciones sobre el particular.

El Art. 3.002(e) de la Ley de la Judicatura, 4 L.P.R.A. sec. 24s(e), dispone sobre su competencia que este Tribunal puede entender

> [m]ediante auto de certificación, a ser expedido discrecional-mente, *motu proprio*, o a solicitud de parte, podrá traer ante sí para considerar y resolver cualquier asunto pendiente ante ... el Tribunal de Apelaciones cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, [o] se planteen cuestiones noveles de derecho, o se planteen cuestiones de alto interés público que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos.

El *auto de certificación* es un mecanismo de carácter discrecional que nos permite traer de inmediato ante nuestra atención asuntos que se encuentran ante la consideración de foros inferiores, obviando el trámite ordinario de los procedimientos. Precisamente, por ser un recurso que nos permite circunvalar el trámite ordinario de un caso, su expedición es de carácter excepcional. Es preferible que los casos maduren paulatinamente a través del trámite ordinario, pues ello permite que las controversias se diluciden y afinen sin que el foro de última instancia tenga que inmiscuirse a destiempo. Ahora bien, cuando un asunto requiera urgente solución, bien porque se afecte la administración de la justicia o bien porque el asunto exija de una pronta atención por su importancia, el auto de certificación es un valioso instrumento para adelantar estos objetivos. *E.g.*, *Suárez v. C.E.E. I*, 163 D.P.R. 347 (2004).

En el caso ante nuestra consideración, el Procurador General nos plantea que las opiniones divergentes del Tribunal de Apelaciones sobre cuándo el Estado debe comparecer en casos en que se ha solicitado la revisión de una determinación administrativa, afecta adversamente la representación del Estado ante ese foro apelativo. Nos indica en su escrito que ante esta situación se enfrenta a la disyuntiva de, o comparece automáticamente una vez es notificado de todo recurso de revisión administrativa, lo que resulta altamente oneroso para el Estado, o no comparece y se expone a que el caso sea resuelto sin su comparecencia, en perjuicio de los intereses del Estado y la administración de la cosa pública.

Por entender que en el caso de autos la interpretación divergente de la Regla 63(A) del Reglamento del Tribunal de Apelaciones por parte de varios paneles del Tribunal de Apelaciones requiere atención inmediata, ante el impacto perjudicial que ello tiene sobre la representación apelativa del Estado, procede que se expida el auto de certificación solicitado.

Veamos entonces, con algún detenimiento, la controversia traída ente nuestra atención.

III

El recurso ante nuestra consideración requiere que analicemos las disposiciones de la Ley de la Judicatura relacionadas con los recursos de revisión de determinaciones administrativas. De igual modo, analizaremos aquellas disposiciones pertinentes de la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et seq.*, y del Reglamento del Tribunal de Apelaciones, ambos recientemente enmendados para atemperar los cambios surgidos como consecuencia de la aprobación de la Ley de la

Judicatura. En específico, evaluaremos el alcance de las Reglas 63(A) y 64[4] del Reglamento del Tribunal de Apelaciones y cómo han sido interpretadas por éste. Veamos entonces.

A. En el 2001 la Hon. Sila M. Calderón, Gobernadora del Estado Libre Asociado de Puerto Rico, solicitó que se evaluara el impacto que había tenido para el sistema judicial el Plan de Reorganización de la Rama Judicial, conocido como la Ley de la Judicatura de Puerto Rico de 1994. Para estos propósitos se llevó a cabo un exhaustivo estudio, en el cual participó no tan sólo el Poder Ejecutivo, sino también la Rama Judicial, a través del Señor Juez Presidente del Tribunal Supremo de Puerto Rico. El análisis efectuado reflejó que era deseable procurar un nuevo esquema que garantizara, aún más, el fácil acceso a la justicia.

Ante esta realidad, se determinó que era necesaria una reforma del sistema judicial vigente. A esos efectos se presentó ante la Cámara de Representantes el P. de la C. 3484 para su aprobación. Luego del trámite legislativo correspondiente, el P. de la C. 3484 fue aprobado, convirtiéndose así en la Ley Núm. 201 de 22 de agosto de 2003 (4 L.P.R.A. sec. 22 *et seq.*). La Ley de la Judicatura de 2003 reconoce y exalta los principios de autonomía judicial y de un tribunal general unificado, presupuestos básicos del sistema judicial dispuesto en la Constitución del Estado Libre Asociado.

Además, de la Exposición de Motivos de la Ley Núm. 201, *supra*, 2003 (Parte 1) Leyes de Puerto Rico 970, 971–974, como de las varias ponencias que antecedieron su aprobación, surge una clara política pública dirigida a proveer a la Rama Judicial los mecanismos para responder de forma rápida y eficiente a las necesidades y a los cambios de la

---

[4] La Regla 64 del Reglamento del Tribunal de Apelaciones dispone:

"*Regla 64—Órdenes de comparecencia*

"No será obligatoria la comparecencia del Estado Libre Asociado, a menos que así lo ordene el tribunal, el cual podrá dictar las órdenes que estime apropiadas para la resolución expedita del recurso." *In re Aprobación Reglamento T.A.*, supra, pág. 533.

sociedad puertorriqueña. En específico, se procuró promover el acceso fácil y económico a los tribunales, sobre todo en la fase apelativa, a un gran sector de la ciudadanía que generalmente se había visto excluido y desprovisto de remedios para hacer valer sus derechos. Fue así como, enmarcada en los principios de autonomía judicial y de un tribunal general unificado en cuanto a jurisdicción, funcionamiento y administración, la Ley de la Judicatura dispuso una serie de cambios significativos al actual sistema judicial.

Uno de esos cambios se relaciona con la jurisdicción del Tribunal de Apelaciones y la revisión de determinaciones administrativas. La Ley Núm. 201, *supra*, en su Art. 4.006(c), 4 L.P.R.A. sec. 24y(c), establece que el Tribunal de Apelaciones atenderá estos recursos de revisión obligatoriamente, como cuestión de derecho.[5] Tradicionalmente, la revisión de las determinaciones administrativas son de carácter discrecional. Según el historial legislativo, la Legislatura estimó que éste era el remedio adecuado para que los sectores menos privilegiados pudieran contar con el beneficio de que se revisaran las determinaciones administrativas que les afectaban.

Durante el proceso de vistas públicas, esta disposición de la ley fue objeto de amplia discusión, particularmente, por el Departamento de Justicia (Departamento). Éste expresó preocupación con algunas de las posibles implicaciones que la revisión obligatoria de decisiones administrativas tendría a nivel sistemático sobre el Estado. El Departamento planteó ante la Asamblea Legislativa su inquietud de que, habida cuenta de que la mera presentación

---

[5] El texto original del Art. 4.006(c), disponía lo siguiente:

"Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. El Procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la 'Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico'." P. del S. 2290 de 12 de mayo de 2003.

de una solicitud de revisión administrativa cuya atención es mandatoria conlleva la paralización de la decisión recurrida, ello afectará la implantación ordenada de la política pública del Estado en un sinnúmero de renglones. A modo de ejemplo, se apuntó que quedarían paralizados los permisos otorgados por agencias tales como la Junta de Planificación, la Administración de Reglamentos y Permisos, la Comisión de Servicio Público y las decisiones en protección de la ciudadanía, tales como las que emite el Departamento de Asuntos del Consumidor. Advertía el Departamento que ello crearía un disloque en el curso ordinario de los asuntos que atienden las agencias administrativas, cuyas decisiones se presumen correctas y cuya revisión se da en forma limitada y no, de ordinario, *de novo*. Además, se planteó ante la Asamblea Legislativa el efecto práctico que la revisión obligatoria tendría en la litigación apelativa del Estado, tanto a nivel del Gobierno central como a nivel de las corporaciones públicas. Se adujo que ello sería oneroso para el Estado, dado el alto volumen de estos recursos judiciales y los costos que supondría para el Estado atenderlos; además, del resultado innegable de dilatar el trámite de los casos a nivel apelativo.

Sobre estos asuntos, el Departamento indicó en su ponencia:

> En fin, la disposición que hace obligatoria la revisión judicial crea una sustancial barrera de tiempo entre el momento en que la agencia decide y el momento en que la decisión adviene final y firme, con lo cual se hace más difícil la consecución de la política pública de la Rama Ejecutiva en la administración de la cosa pública, afectando los más diversos renglones de reglamentación pública: desde los internos (renglones presupuestarios, administrativos y decisiones operacionales), hasta los externos (en especial, la reglamentación de la actividad económica y la permisología crucial para el desarrollo económico).
>
> . . . . . . . .
>
> La situación procesal que se propone, implicará además un aumento en gastos operacionales no tan s[ó]lo de la Oficina del Procurador General, como advertí, sino también de las divisio-

nes legales de aquellas agencias que se representan por sí mismas ante el Tribunal de Apelaciones (por ejemplo, corporaciones públicas como la Autoridad de Carreteras, la Autoridad de Energía Eléctrica, Autoridad de Edificios Públicos, entre otras); así como de otras agencias con personalidad propia concedida por ley que ordinariamente se representan por sí mismas en los foros apelativos (Junta de Planificación, la Universidad de Puerto Rico, el Departamento de Asuntos del Consumidor) y otras que generalmente solicitan dispensa para recurrir por cuenta propia (por ejemplo, el Comisionado de Seguros).

Propongo, por consiguiente, que se eliminen del proyecto las disposiciones relativas a la revisión judicial obligatoria de las decisiones administrativas. Ello principalmente porque, en un balance razonable, las desventajas de tal norma sobrepasan, a nuestro juicio los beneficios. *Alternativamente, de insistirse en el carácter obligatorio de la revisión judicial de las decisiones de las agencias administrativas, el proyecto debe aclarar, en primer lugar, que la simple presentación de la revisión no paralizará los efectos de la decisión a menos que el tribunal así lo disponga y, en segundo lugar, que no será necesaria la comparecencia del Estado a menos que el tribunal específicamente lo solicite.* (Énfasis suplido.) Anabelle Rodríguez, Secretaria de Justicia, Ponencia ante la Comisión de lo Jurídico de la Cámara de Representantes para la consideración del Plan de Reorganización de la Rama Judicial, P. de la C. 3834, 21 de mayo de 2003, págs. 10–11.

El Senado tuvo a bien acoger la recomendación del Departamento, enmendando el citado Art. 4.006(c), para atender las preocupaciones planteadas. Así se hace constar expresamente en el informe rendido por la Comisión de lo Jurídico del Senado de Puerto Rico al Cuerpo, previo a la aprobación de la medida. Véase Informe del Senado de Puerto Rico sobre el P. de la C. 3834 de 24 de junio de 2003, pág. 5. Así, pues, el referido Art. 4.006(c) quedó aprobado de la manera siguiente:

El Tribunal de Apelaciones conocerá de los siguientes asuntos:

. . . . . . . .

(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. *En*

*estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal.* El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico". La revisión de las decisiones finales de los organismos y agencias administrativas se llevará a cabo según se dispone en el Artículo 9.004 de esta Ley. (Énfasis suplido.) Leyes de Puerto Rico, *supra*, pág. 986.

■■■ Según se desprende de la anterior disposición estatutaria y del historial legislativo de la medida que hemos reseñado, la obligación del Estado de someter su comparecencia surge *al momento en que el tribunal así lo ordena*; no a partir de la notificación del recurso. Así lo dispone el artículo y esa fue la intención del legislador al aprobarlo. Cuando el texto de la ley es claro y libre de toda ambigüedad, el Art. 14 del Código Civil, 31 L.P.R.A. sec. 14, ordena que hay que atenerse a su contenido. *Alejandro Rivera v. E.L.A.*, 140 D.P.R. 538 (1996); *Ferretería Matos, Inc. v. P.R. Tel. Co.*, 110 D.P.R. 153 (1980). Los tribunales tenemos la obligación de respetar la voluntad del legislador expresada en un estatuto y no le debemos añadir palabras y frases distintas a las que incluyó el legislador. *Famania v. Corp. Azucarera de P.R.*, 113 D.P.R. 654, 657–658 (1982). Véase, además, *First Bank de P.R. v. Mun. de Aguadilla*, 153 D.P.R. 198 (2001).

El citado Art. 4.006(c) de la Ley de la Judicatura, según enmendado, busca alcanzar un adecuado balance de intereses al facilitar el acceso de los ciudadanos a la revisión judicial de las determinaciones administrativas, y del mismo modo ofrecer al Estado una oportunidad apropiada para exponer su posición sobre aquellos casos en que su comparecencia es necesaria para la solución adecuada del recurso. De este modo se reduce el efecto adverso de que el Estado Libre Asociado, a través de sus agencias, se vea en

la obligación de dirigir recursos para atender reclamaciones que tienen poca posibilidad de ser acogidas por el tribunal; como por ejemplo, recursos presentados fuera de término o claramente inmeritorios.

B. Como antes mencionamos, tanto la L.P.A.U. como el Reglamento del Tribunal de Apelaciones fueron enmendados posteriormente para atemperar su lenguaje al mandato legislativo del Art. 4.006(c) de la Ley Núm. 201, *supra*. La Ley Núm. 331 de 16 de septiembre de 2004 enmendó la Sec. 4.6 de la L.P.A.U., 3 L.P.R.A. sec. 2176, para conformarla a la recién aprobada Ley de la Judicatura. Luego de esta enmienda, la referida sección recoge las modificaciones de la Ley de la Judicatura al disponer, entre otras cosas, que las revisiones administrativas serán atendidas como cuestión de derecho; que la mera presentación del recurso no paralizará el trámite administrativo, y *que la comparecencia del Estado Libre Asociado no será obligatoria hasta tanto lo ordene el tribunal.*

De igual modo, el Reglamento del Tribunal de Apelaciones, vigente desde el 20 de julio de 2004, incorporó el precepto del referido Art. 4.006(c) en su Regla 64, la cual dispone que "[n]o será obligatoria la comparecencia del Estado Libre Asociado, a menos que así lo ordene el tribunal, el cual podrá dictar las órdenes que estime apropiadas para la resolución expedita del recurso". (Énfasis suplido.) *In re Aprobación Reglamento T.A.*, 162 D.P.R. 444, 533 (2004). Conforme el análisis estatutario antes reseñado, no nos cabe duda que el mandato legislativo es contundente a los efectos que el punto de partida para la comparecencia del Estado en los procedimientos de revisión administrativa es la orden del tribunal a esos efectos.

IV

De otro lado, la Regla 63(A) del Reglamento del Tribunal de Apelaciones dispone que dentro del término de

treinta días a partir de la notificación de un recurso de revisión, el Estado, a través de la agencia o funcionario, presentará su alegato en oposición al recurso de revisión. Como ya indicamos, varios paneles del Tribunal de Apelaciones han interpretado que este término transcurre automáticamente con la notificación del recurso de revisión. Ciertamente, el lenguaje de la regla permite esa interpretación. Ahora bien, somos del criterio que la referida Regla 63(A) no se puede leer aisladamente y en abstracción total del proceso legislativo que resultó en la aprobación de la Ley Núm. 201, *supra*. Esta regla se tiene que interpretar conjuntamente con el Art. 4.006(c) de la Ley Núm. 201, *supra*, la Regla 64 del Reglamento del Tribunal de Apelaciones y la Sec. 4.6 de la L.P.A.U., *supra*. De esa forma se logra poner en vigor la voluntad del legislador.

▇▇▇ El legislador, al acoger la posición del Departamento y enmendar el texto original del citado Art. 4.006(c), quiso evitar que se le impusiera al Estado la obligación de dedicar recursos para atender una gran cantidad de solicitudes de revisión que finalmente son desestimadas por los tribunales por carecer de méritos. De esta forma el legislador adelanta el reconocido interés público de promover la adecuada representación del Estado. Por consiguiente, resolvemos que, conforme a la Ley de la Judicatura, la obligación del Estado, sus funcionarios y agencias públicas, de reaccionar dentro del término de treinta días ante un recurso de revisión administrativa, *comienza a transcurrir con la notificación del tribunal que ordena su comparecencia, y no automáticamente con la notificación del recurso de revisión.*[6]

Por los fundamentos anteriormente expuestos, *se expide el auto de certificación solicitado y se revoca la Resolución que emitió el Tribunal de Apelaciones. Se devuelve el caso*

---

[6] Ello, claro está, sin perjuicio que el Tribunal de Apelaciones pueda ordenar otro término si lo entiende apropiado, a la luz de los hechos y las controversias que se le planteen en el recurso.

*al Tribunal de Apelaciones para que continúen los procedimientos acorde con lo resuelto.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Corrada Del Río concurrió sin opinión escrita. El Juez Asociado Señor Rivera Pérez hace constar lo siguiente: "El Juez Asociado Señor Rivera Pérez disiente por entender que el asunto ante nos amerita seguir el trámite ordinario ante el Tribunal de Apelaciones. No entendemos cuál es la urgencia y necesidad para que este Tribunal atienda este asunto directamente, a la luz del caso pendiente ante el Tribunal de Apelaciones. El asunto traído ante el Tribunal de Apelaciones es una decisión interlocutoria de la agencia administrativa que no puede ser objeto de revisión administrativa ante ese foro. Este es el tipo de asuntos que este Tribunal no debe atender a través del recurso de certificación." El Juez Asociado Señor Rebollo López no intervino.

