EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Israel Rivera Soto<br><br>Recurrido<br><br>v.<br><br>Junta de Calidad Ambiental<br><br>Peticionaria | Certiorari<br><br>2005 TSPR 18<br><br>163 DPR \_\_\_\_ |

Número del Caso: CT-2004-3

Fecha: 3 de marzo de 2005

Tribunal de Apelaciones:

Región Judicial de Ponce

Panel integrado por su presidente, el Juez Gierbolini, la Jueza Cotto Vives y el Juez Aponte Jiménez

Oficina del Procurador General:

Lcda. Ana R. Garcés Camacho
Procuradora General Auxiliar

Materia: Orden de Hacer, Mostrar Causa, Cese y Desista

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Israel Rivera Soto

    Recurrido

        v.                           CT-2004-3

Junta de Calidad Ambiental

    Peticionaria

PER CURIAM

En San Juan, Puerto Rico, a 3 de marzo de 2005

En esta ocasión nos corresponde determinar si la mera notificación al Estado de la presentación de un recurso de revisión administrativa activa automáticamente el término provisto en la Regla 63(A) del Reglamento del Tribunal de Apelaciones para que el Estado presente su comparecencia ante el Tribunal de Apelaciones. Resolvemos que, conforme al texto claro de la Ley de la Judicatura de 2003, Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. secs. 24 *et seq.* (Ley de la Judicatura) la obligación de comparecer del Estado surge sólo luego de haber sido requerida su comparecencia por el tribunal.

**I.**

El 23 de septiembre de 2004 el recurrido, señor Israel Rivera Soto, presentó ante el Tribunal de Apelaciones un recurso de revisión de una orden emitida por la Junta de Calidad Ambiental (la Junta) el 14 de agosto de 2004, que fue archivada en autos el 24 de agosto de 2004. Mediante su escrito de revisión, el señor Rivera Soto impugnó la denegatoria de una solicitud de descubrimiento de prueba por parte de la agencia.

No surge del expediente notificación a los efectos de que el Tribunal de Apelaciones haya solicitado la comparecencia del Estado Libre Asociado en el procedimiento. De otro lado, consta en récord una resolución del Tribunal de Apelaciones, notificada y archivada en autos el 20 de octubre de 2004, que indica que "[c]onforme a lo dispuesto por la Regla 63 del Reglamento del Tribunal de Apelaciones, la agencia recurrida, Junta de Calidad Ambiental dispone de 30 días para presentar su alegato." Informa la resolución que "[d]icho término **comenzó a decursar en la fecha en que le fue notificado el recurso de revisión.**"[1] (Énfasis nuestro). En consecuencia,

---

[1] La Regla 63 (A) del Reglamento del Tribunal de Apelaciones dispone en lo pertinente:

> Dentro de los treinta (30) días siguientes a la notificación del recurso de revisión, la agencia o funcionario(a), así como cualesquiera de las demás partes, deberán presentar su alegato en oposición al recurso.

el tribunal determinó que el término provisto vencía el 25 de octubre de 2004.

El 22 de octubre de 2004, mediante Moción Informativa y en Solicitud de Término Adicional, la Junta manifestó que, contrario a la determinación del Tribunal de Apelaciones, el término para comparecer comenzó a decursar a partir de la fecha de la notificación del tribunal requiriendo la comparecencia de la Junta. Además, solicitó una prórroga de treinta (30) días adicionales para presentar su posición sobre los méritos del recurso de revisión.

Estando la Moción Informativa y en Solicitud de Término Adicional pendiente de consideración ante el Tribunal de Apelaciones, la Junta acudió a nosotros en un recurso de certificación. En el escrito presentado, el Procurador General, en representación de la Junta, nos indica que distintos paneles del Tribunal de Apelaciones han interpretado de forma divergente cuándo es que comienza a decursar el término de treinta (30) días de la Regla 63(A) para que el Estado se exprese sobre un recurso de revisión administrativa. Señala el Procurador General que para algunos paneles el término de treinta (30) días comienza a decursar automáticamente, una vez notificado el recurso de revisión administrativa[2]; mientras otros

---

[2] Véase, *Jorge Alicea Rodríguez v. Junta de Libertad Bajo Palabra,* KLRA200400574, res. de 9 de septiembre de 2004; *Zahyra Ramírez Mercado v. Departamento de la Familia,* KLRA200400786, res. de 19 de octubre de 2004; *Myriam Medina*

entienden que ese término comienza a correr cuando el tribunal expresamente ordena la comparecencia del Estado.[3] El Procurador General señala que esta falta de uniformidad afecta adversamente la representación del Estado por lo que nos solicita que expidamos el recurso de certificación y nos expresemos sobre la correcta tramitación de un recurso de revisión administrativa, conforme dispone la Ley de Judicatura de 2003. Como único error la Junta señala lo siguiente:

> Erró el Honorable Tribunal de Apelaciones, al decretar que el término treinta de [sic] (30) días dispuesto para que las agencias y funcionarios del Estado Libre Asociado de Puerto Rico comparezcan a expresar su criterio en cuanto a los recursos de revisión administrativa decursa automáticamente a partir de la notificación del recurso. Esto pues, el artículo 4.006(c) de la Ley de la Judicatura espresamente [sic] dispone que no será obligatoria la comparecencia del Estado Libre Asociado a menos que así lo determine el Tribunal.

Por tratarse de una cuestión de alto interés para la administración de la justicia y ante el conflicto existente a nivel del Tribunal de Apelaciones, ordenamos a la parte recurrida a que en un término de (20) días, compareciera a mostrar causa por la cual no debamos expedir el auto solicitado y revocar la determinación del Tribunal de Apelaciones. El término concedido transcurrió sin que la

---

*Candelaria v. Departamento de la Familia*, KLRA200400724, res. de 20 de septiembre de 2004.

[3] Véase, *Francisco Mercado Alamo v. Administración de Corrección*, KLARA200400329, res. del 28 de septiembre de 2004.

parte recurrida compareciera o solicitara prórroga para comparecer.

Evaluado el recurso de certificación presentado, resolvemos conforme intimamos.

**II.**

Tenemos ante nosotros una solicitud de certificación para que aclaremos cuándo comienza a decursar el término para presentar un alegato en oposición a una petición de revisión administrativa, habida cuenta de las posiciones divergentes asumidas por varios paneles del Tribunal de Apelaciones sobre el particular.

El Art. 3.002(e) de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24s(e), dispone que este Tribunal puede entender mediante "el auto de certificación, a ser expedido discrecionalmente, *motu proprio*, o a solicitud de parte, podrá traer ante sí para considerar y resolver cualquier asunto pendiente ante . . . el Tribunal de Apelaciones cuando se plantee la existencia de un conflicto entre decisiones previas del Tribunal de Apelaciones, o se planteen cuestiones noveles de derecho o se planteen cuestiones de interés alto público que incluyan cualquier cuestión constitucional sustancial al amparo de la Constitución del Estado Libre Asociado de Puerto Rico o de la Constitución de Estados Unidos."

El auto de certificación es un mecanismo de carácter discrecional que nos permite traer de inmediato ante nuestra atención, asuntos que se encuentran ante la

consideración de foros inferiores, obviando el trámite ordinario de los procedimientos. Precisamente, por ser un recurso que nos permite circunvalar el trámite ordinario de un caso, su expedición es una de carácter excepcional. Es preferible, que los casos maduren paulatinamente a través del trámite ordinario, pues ello permite que las controversias se diluciden y afinen sin que el foro de última instancia tenga que inmiscuirse a destiempo. Ahora bien, cuando un asunto requiera urgente solución, bien porque se afecte la administración de la justicia, o bien porque el asunto exija de una pronta atención por su importancia, el auto de certificación es un valioso instrumento para adelantar estos objetivos. *E.g.*, *Suárez v. Comisión Estatal de Elecciones*, res. el 20 de noviembre de 2004, ___ D.P.R. ___, 2004 JTS 177.

En el caso ante nuestra consideración, el Procurador General nos plantea que las opiniones divergentes del Tribunal de Apelaciones sobre cuándo el Estado debe comparecer en casos en que se ha solicitado la revisión de una determinación administrativa, afecta adversamente la representación del Estado ante ese foro apelativo. Nos indica en su escrito que ante esta situación se enfrenta a la disyuntiva de, o comparece automáticamente una vez es notificado de todo recurso de revisión administrativa, lo que resulta altamente oneroso para el Estado; o, no comparece y se expone a que el caso sea resuelto sin su

comparecencia, en perjuicio de los intereses del Estado y la administración de la cosa pública.

Por entender que en el caso de autos, la interpretación divergente de la Regla 63(A) de parte de varios paneles del Tribunal de Apelaciones requiere atención inmediata, ante el impacto perjudicial que ello tiene sobre la representación apelativa del Estado, procede se expida el auto de certificación solicitado.

Veamos entonces, con algún detenimiento, la controversia traída ente nuestra atención.

### III.

El recurso ante nuestra consideración requiere que analicemos las disposiciones de la Ley de la Judicatura relacionadas a los recursos de revisión de determinaciones administrativas. De igual modo, analizaremos aquellas disposiciones pertinentes de la Ley de Procedimiento Administrativo Uniforme (L.P.A.U.), Ley Núm. 170 de 12 de agosto de 1988, según enmendada, 3 L.P.R.A. sec. 2101 *et.seq.*, y del Reglamento del Tribunal de Apelaciones, 2004 T.S.P.R. 121, ambos recientemente enmendados para atemperar los cambios surgidos como consecuencia de la aprobación de la Ley de la Judicatura. En específico, evaluaremos el alcance de las Reglas 63(A) y 64,[4] del Reglamento del

---

[4] La Regla 64 del Reglamento del Tribunal de Apelaciones dispone:

Regla 64-Órdenes de Comparecencia

No será obligatoria la comparecencia del Estado Libre Asociado, a menos que así lo ordene

Tribunal de Apelaciones y cómo las mismas han sido interpretadas por éste. Veamos entonces.

## A.

En el año 2001 la Hon. Sila M. Calderón, Gobernadora del Estado Libre Asociado de Puerto Rico, solicitó que se evaluara el impacto que había tenido para el sistema judicial el Plan de Reorganización de la Rama Judicial, conocido como la Ley de la Judicatura de 1994. Para estos propósitos se llevó a cabo un exhaustivo estudio, en el cual participó no tan sólo el Poder Ejecutivo sino también la Rama Judicial, a través del señor Juez Presidente del Tribunal Supremo de Puerto Rico. El análisis efectuado reflejó que era deseable procurar un nuevo esquema que garantizara, aún más, el fácil acceso a la justicia.

Ante esta realidad, se determinó que era necesaria una reforma del sistema judicial vigente. A esos efectos se presentó ante la Cámara de Representantes el P. de la C. 3484 para su aprobación. Luego del trámite legislativo correspondiente, el P. de la C. 3484 fue aprobado convirtiéndose así en la Ley Núm. 201 del 22 de agosto de 2003. La Ley de la Judicatura de 2003, reconoce y exalta los principios de autonomía judicial y de un tribunal general unificado, presupuestos básicos del sistema judicial dispuesto en la Constitución del Estado Libre Asociado.

_____

el Tribunal, el cual podrá dictar las órdenes que estime apropiadas para la resolución expedita del recurso.

Además, de la exposición de motivos de la Ley Núm. 201, como de las varias ponencias que antecedieron su aprobación, surge una clara política pública dirigida a proveer a la rama judicial los mecanismos para responder de forma rápida y eficiente a las necesidades y cambios de la sociedad puertorriqueña. En específico, se procuró promover el acceso fácil y económico a los tribunales, sobre todo en la fase apelativa, a un gran sector de la ciudadanía que generalmente se había visto excluido y desprovisto de remedios para hacer valer sus derechos. Fue así como, enmarcada en los principios de autonomía judicial y de un tribunal general unificado en cuanto a jurisdicción, funcionamiento y administración, la Ley de la Judicatura de 2003 dispuso una serie de cambios significativos al actual sistema judicial.

Uno de esos cambios se relaciona con la jurisdicción del Tribunal de Apelaciones y la revisión de determinaciones administrativas. La Ley Núm. 201 en su Art. 4.006(c), establece que el Tribunal de Apelaciones atenderá estos recursos de revisión obligatoriamente, como cuestión de derecho. [5] Tradicionalmente, la revisión de las

_____

[5] El texto original del Art. 4.006(c), leía de la siguiente manera:

> Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. El Procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico.

determinaciones administrativas son de carácter discrecional. Según el historial legislativo, la Legislatura estimó que éste era el remedio adecuado para que los sectores menos privilegiados pudieran contar con el beneficio de que se revisaran las determinaciones administrativas que les afectaban.

Durante el proceso de vistas públicas, esta disposición de la ley fue objeto de amplia discusión, particularmente, por el Departamento de Justicia (el Departamento). Éste expresó preocupación con algunas de las posibles implicaciones que la revisión obligatoria de decisiones administrativas tendría a nivel sistemático sobre el Estado. El Departamento planteó ante la Asamblea Legislativa su inquietud de que, habida cuenta de que la mera presentación de una solicitud de revisión administrativa cuya atención es mandatoria conlleva la paralización de la decisión recurrida, ello afectará la implantación ordenada de la política pública del Estado en un sinnúmero de renglones. A modo de ejemplo, se apuntó que quedarían paralizados los permisos otorgados por agencias tales como la Junta de Planificación, la Administración de Reglamentos y Permisos y la Comisión de Servicio Público y, las decisiones en protección de la ciudadanía, tales como las que emite el Departamento de Asuntos del Consumidor. Advertía el Departamento que ello crearía un disloque en el curso ordinario de los asuntos que atienden las agencias administrativas, cuyas decisiones, se presumen correctas y cuya revisión se da en forma limitada y

no, de ordinario, *de novo*. Además, se planteó ante la Asamblea Legislativa el efecto práctico que la revisión obligatoria tendría en la litigación apelativa del Estado, tanto a nivel de gobierno central como de las corporaciones públicas. Se adujo que ello sería oneroso para el Estado dado el alto volumen de estos recursos judiciales y los costos que supondría para el Estado la atención de los mismos; además, del resultado innegable de dilatar el trámite de los casos a nivel apelativo.

Sobre estos asuntos el Departamento de Justicia indicó en su ponencia; citamos *in extenso*:

> En fin, la disposición que hace obligatoria la revisión judicial crea una sustancial barrera de tiempo entre el momento en que la agencia decide y el momento en que la decisión adviene final y firme, con lo cual se hace más difícil la consecución de la política pública de la Rama Ejecutiva en la administración de la cosa pública, afectando los más diversos renglones de reglamentación pública: desde los internos (renglones presupuestarios, administrativos y decisiones operacionales), hasta los externos (en especial, la reglamentación de la actividad económica y la permisología crucial para el desarrollo económico).

> . . .

> La situación procesal que se propone, implicará además un aumento en gastos operacionales no tan solo de la Oficina del Procurador General, como advertí, sino también de las divisiones legales de aquellas agencias que se representan por sí mismas ante el Tribunal de Apelaciones (por ejemplo, corporaciones públicas como la Autoridad de Carreteras, la Autoridad de Energía Eléctrica, Autoridad de Edificios Públicos, entre otras); así como de otras agencias con personalidad propia concedida por ley que ordinariamente se representan por sí mismas en los foros apelativos (Junta de Planificación, la Universidad de Puerto Rico, el Departamento de Asuntos del Consumidor) y otras

que generalmente solicitan dispensa para recurrir por cuenta propia (por ejemplo, el Comisionado de Seguros).

Propongo, por consiguiente, que se eliminen del proyecto las disposiciones relativas a la revisión judicial obligatoria de las decisiones administrativas. Ello principalmente porque, en un balance razonable, las desventajas de tal norma sobrepasan, a nuestro juicio los beneficios. **Alternativamente, de insistirse en el carácter obligatorio de la revisión judicial de las decisiones de las agencias administrativas, el proyecto debe aclarar, en primer lugar, que la simple presentación de la revisión no paralizará los efectos de la decisión a menos que el tribunal así lo disponga y, en segundo lugar, que no será necesaria la comparecencia del Estado a menos que el tribunal específicamente lo solicite.** Énfasis nuestro. Anabelle Rodríguez, Secretaria de Justicia, Ponencia ante la Comisión de lo Jurídico de la Cámara de Representantes para la consideración del Plan de Reorganización de la Rama Judicial, P. de la C. 3834, 21 de mayo de 2003, págs. 10-11.

El Senado, tuvo a bien acoger la recomendación del Departamento, enmendando el Art. 4.006 (c), para atender las preocupaciones planteadas. Así se hace constar expresamente en el informe rendido por la Comisión de lo Jurídico del Senado de Puerto Rico al cuerpo, previo a la aprobación de la medida. Véase, Informe del Senado de Puerto Rico sobre el P. de la C. 3834, 24 de junio de 2003, pág. 5. Así pues, el Art. 4.006 (c), quedó aprobado de la siguiente manera:

El Tribunal de Apelaciones conocerá de los siguientes asuntos:

(c) Mediante recurso de revisión judicial, que se acogerá como cuestión de derecho, de las decisiones, órdenes y resoluciones finales de organismos o agencias administrativas. **En estos casos, la mera presentación del recurso no paralizará el trámite en el organismo o agencia**

**administrativa ni será obligatoria la comparecencia del Estado Libre Asociado ante el foro apelativo a menos que así lo determine el tribunal**. El procedimiento a seguir será de acuerdo con lo establecido por la Ley Núm. 170 de 12 de agosto de 1988, según enmendada, conocida como la "Ley de Procedimiento Administrativo Uniforme del Estado Libre Asociado de Puerto Rico". La revisión de las decisiones finales de los organismos y agencias administrativas se llevará a cabo según se dispone en el Artículo 9.004 de esta Ley. (Énfasis nuestro.)

Según se desprende de la anterior disposición estatutaria, y del historial legislativo de la medida que hemos reseñado, la obligación del Estado de someter su comparecencia surge **al momento en que el tribunal así lo ordena**; no a partir de la notificación del recurso. Así lee el artículo y esa fue la intención del legislador al aprobar el mismo. Cuando el texto de la ley es claro y libre de toda ambigüedad, el Art. 14 del Código Civil, 31 L.P.R.A. sec. 14, ordena que hay que atenerse al mismo. *Rivera v. E.L.A.*, 140 D.P.R. 538 (1996); *Ferretería Matos v. P.R.T.C.*, 110 D.P.R. 153 (1980) Los tribunales tenemos la obligación de respetar la voluntad del legislador expresada en un estatuto y no debemos añadir al mismo palabras y frases distintos a los incluidos por el legislador. *Farmania v. Corp. Azucarera de P.R.*, 113 D.P.R. 654, 657-58 (1982). Véase además, *First Bank v. Municipio de Aguadilla*, res. el 17 de enero de 2001, 153 D.P.R. ___, 2001 JTS 17.

El Art. 4.006(c) según enmendado busca alcanzar un adecuado balance de intereses al facilitar el acceso de los

ciudadanos a la revisión judicial de las determinaciones administrativas, y del mismo modo ofrecer al Estado una oportunidad apropiada para exponer su posición sobre aquellos casos en que su comparecencia es necesaria para la solución adecuada del recurso. De este modo se reduce el efecto adverso de que el Estado Libre Asociado, a través de sus agencias, se vea en la obligación de dirigir recursos a atender reclamaciones que tienen poca posibilidad de ser acogidas por el tribunal; como por ejemplo, recursos presentados fuera de término o claramente inmeritorios.

**B.**

Como antes mencionamos, tanto la L.P.A.U. como el reglamento del Tribunal de Apelaciones, fueron posteriormente enmendadas para atemperar su lenguaje al mandato legislativo del artículo 4.006(c) de la Ley Núm. 201. La Ley Núm. 331 de 16 de septiembre de 2004 enmendó la sección 4.6 de la L.P.A.U. para conformarla a la recién aprobada Ley de la Judicatura. Luego de esta enmienda la referida sección recoge las modificaciones de la Ley de la Judicatura de 2003 al disponer, entre otras cosas, que las revisiones administrativas serán atendidas como cuestión de derecho; que la mera radicación del recurso no paralizará el trámite administrativo; y **que la comparecencia del Estado Libre Asociado no será obligatoria hasta tanto ello le sea ordenado por el tribunal.**

De igual modo, el Reglamento del Tribunal de Apelaciones, vigente desde el 20 de julio de 2004,

incorporó el precepto del Artículo 4.006(c) en su Regla 64, la cual dispone que **"[n]o será obligatoria la comparecencia del Estado Libre Asociado, a menos que así lo ordene el Tribunal**, el cual podrá dictar las órdenes que estime apropiadas para la resolución expedita del recurso". Énfasis nuestro. Del análisis estatutario antes reseñado, no nos cabe duda que el mandato legislativo es contundente a los efectos que el punto de partida para la comparecencia del Estado en los procedimientos de revisión administrativa es la orden del tribunal a esos efectos.

## III.

De otro lado, la Regla 63(A) del Reglamento del Tribunal de Apelaciones dispone que dentro del término de treinta (30) días a partir de la notificación de un recurso de revisión, el Estado, a través de la agencia o funcionario(a), presentará su alegato en oposición al recurso de revisión. Como ya indicamos, varios paneles del Tribunal de Apelaciones han interpretado que este término decursa automáticamente con la notificación del recurso de revisión. Ciertamente el lenguaje de la regla permite dicha interpretación. Ahora bien, somos del criterio que la Regla 63(A) no puede leerse aisladamente y en abstracción total del proceso legislativo que resultó en la aprobación de la Ley Núm. 201. La Regla 63(A) tiene que interpretarse conjuntamente con el Art. 4.006(c) de la Ley Núm. 201, la Regla 64 del Reglamento del Tribunal de

Circuito y la Sección 4.8 de la L.P.A.U.  De esa forma se logra poner en vigor la voluntad del legislador.

El legislador, al acoger la posición del Departamento de Justicia y enmendar el texto original del Art. 4.006(c), quiso evitar que se le impusiera al Estado la obligación de dedicar recursos para atender una gran cantidad de solicitudes de revisión que finalmente son desestimadas por los tribunales por carecer de méritos.  De esta forma el legislador adelanta el reconocido interés público de promover la adecuada representación del Estado.  Por consiguiente, resolvemos que, conforme a la Ley de la Judicatura de 2003, la obligación del Estado, sus funcionarios y agencias públicas, de reaccionar dentro del término de treinta (30) días ante un recurso de revisión administrativa **comienza a decursar con la notificación del tribunal ordenando su comparecencia, y no automáticamente con la notificación del recurso de revisión.**[6]

Por los fundamentos anteriormente expuestos se expide el auto de certificación solicitado y se revoca la Resolución emitida por el Tribunal de Apelaciones.  Se devuelve el caso al Tribunal de Apelaciones para que continúen los procedimientos acorde a lo resuelto.

Se dictará sentencia de conformidad.

---

[6] Ello claro está, sin perjuicio que el Tribunal de Apelaciones  pueda ordenar otro término si lo entiende apropiado, a la luz de los hechos y las controversias que se le planteen en el recurso.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Israel Rivera Soto

    Recurrido

      v.

                              CT-2004-3

Junta de Calidad Ambiental

    Peticionaria

SENTENCIA

San Juan, Puerto Rico, a 3 de marzo de 2005

Por los fundamentos expuestos en la Opinión que antecede, que se hace formar parte integrante de la presente, se expide el auto de certificación solicitado y se revoca la Resolución emitida por el Tribunal de Apelaciones. Se devuelve el caso al Tribunal de Apelaciones para que se continúen los procedimientos acorde a lo resuelto.

Lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río concurre sin opinión escrita.

El Juez Asociado señor Rivera Pérez hace constar lo siguiente:

"El Juez Asociado señor Rivera Pérez disiente por entender que el asunto ante nos amerita seguir el trámite ordinario ante el Tribunal de Apelaciones. No entendemos cual es la urgencia y necesidad para que este Tribunal atienda este asunto

directamente a la luz  del caso pendiente ante el Tribunal de Apelaciones.  El asunto traído ante el Tribunal de Apelaciones es una decisión interlocutoria de la agencia administrativa que no puede ser objeto de revisión administrativa ante ese foro.  Este es el tipo se asuntos que no deben ser atendidos por este Tribunal a través del recurso de certificación".

El Juez Asociado señor Rebollo López, no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo