EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re: Gilberto Rodríguez Zayas | 2014 TSPR 54 190 DPR ____ |
| --- | --- |

Número del Caso: AB-2012-45

Fecha: 7 de abril de 2014

Abogado del Peticionario:

      Por derecho propio

Materia: Reinstalación al Ejercicio de la Abogacía y la Notaría

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

*In re*

Gilberto Rodríguez Zayas          AB-2012-45

RESOLUCIÓN

En San Juan, Puerto Rico, 7 de abril de 2014

El 28 de febrero de 2014 emitimos una Opinión *Per Curiam* suspendiendo inmediata e indefinidamente al Lcdo. Gilberto Rodríguez Zayas del ejercicio de la abogacía y la notaría por incumplir con los requerimientos de este Tribunal. *In re: Gilberto Rodríguez Zayas*, 2014 T.S.P.R. 34, 190 D.P.R. ___ (2014). En particular, el licenciado Rodríguez Zayas no cumplió con nuestra Resolución del 25 de enero de 2013, mediante la cual le ordenamos devolver $200 dólares al quejoso, el Sr. Luis Mercado Figueroa. Esto debido a que el señor Mercado Figueroa había presentado una queja contra el licenciado Rodríguez Zayas alegando que éste le había cobrado $400 dólares por un trabajo que no realizó.

El 24 de marzo de 2014 el señor Rodríguez Zayas presentó, por derecho propio, una moción solicitando la reconsideración de la Opinión *Per Curiam* emitida el 28 de febrero de 2014.

En la moción, el señor Rodríguez Zayas alegó que no fue su intención incumplir con los requerimientos de este Tribunal, sino que su incumplimiento se debió a un descuido

involuntario por problemas de salud. Para ilustrar, anejó a su moción de reconsideración una gran cantidad de documentación acreditando que padece de cierta condición médica severa. Por razón de ésta, indicó que no tenía los fondos para cumplir con el requerimiento de este Tribunal y por un descuido involuntario no nos solicitó tiempo adicional para cumplir con lo ordenado.

Además, acreditó que cumplió con nuestro requerimiento del 25 de enero de 2013 y le devolvió el dinero adeudado al señor Mercado Figueroa. Anejo XV de la Moción de Reconsideración. En vista de que el señor Rodríguez Zayas justificó razonablemente su incumplimiento y devolvió el dinero, cumpliendo así con el requerimiento del Tribunal, entendemos procedente reconsiderar nuestro dictamen del 28 de febrero de 2014 y ordenar la reinstalación del señor Rodríguez Zayas al ejercicio de la abogacía y notaría.

Sin embargo, habida cuenta de que el señor Rodríguez Zayas suscribió la moción con el título de licenciado, a pesar de haber comparecido por derecho propio, nos parece pertinente expresarnos sobre este asunto. En nuestro ordenamiento "el ejercicio de la profesión durante el tiempo de suspensión constituye una práctica ilegal de la abogacía en violación del Canon 33 del Código de Ética Profesional, [4 L.P.R.A. Ap. IX] y debe ser sancionado severamente, porque constituye un desafío insólito a nuestro poder inherente para reglamentar la profesión". *In re Gordon Menéndez I*, 171 D.P.R. 210, 215 (2007). Por lo anterior, el abogado suspendido no puede realizar actos que constituyan el ejercicio de la profesión y debe evitar la apariencia de ello, ya que, como es bien sabido, los cánones de ética también le imponen al abogado el deber de evitar hasta la apariencia de conducta impropia. *Id*. *Véase* Canon 38 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX. Si bien la presentación de un escrito por derecho propio no constituye el ejercicio de la profesión, utilizar el título de licenciado mientras se está suspendido de la profesión crea la apariencia impropia de ello. A tenor con lo anterior, se censura enérgicamente la actuación del señor Rodríguez Zayas y se le apercibe que en el futuro deberá cumplir a cabalidad con los cánones de ética que rigen la profesión del abogado. Además, advertimos que en el futuro seremos más rigurosos al evaluar asuntos similares.

Así apercibido, se ordena la reinstalación del señor Rodríguez Zayas al ejercicio de la abogacía y la notaría.

Publíquese.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Feliberti Cintrón desea que se haga constar la siguiente expresión:

"El Juez Asociado señor Feliberti Cintrón hubiera provisto No Ha Lugar a la solicitud de reconsideración del peticionario por el hecho de éste haber comparecido ante nosotros suscribiendo su moción como licenciado, a pesar de estar suspendido de la práctica de la profesión. Véanse, In re: Gilberto Rodríguez Zayas, 2014 T.S.P.R. 34, 190 D.P.R. __ (2014); In re: Rivera Rodríguez, 147 D.P.R. 917, 920 (1999)."

El Juez Asociado señor Kolthoff Caraballo no intervino.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo