EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>Peticionario<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, *et als.*<br><br>Recurridos | 2014 TSPR 92<br><br>191 DPR ____ |

Número del Caso: CT-2014-8

Fecha: 30 de julio de 2014

Abogados de la Parte Peticionaria:

      Lcdo. Eliezer Aldarondo Ortiz
      Lcda. Rosa Campos Silva
      Lcdo. Eliezer Aldarondo López

Oficina de la Procuradora General:

      Lcda. Margarita Mercado Echegaray
      Procuradora General

      Lcda. Tanaira Padilla Rodríguez
      Subprocuradora General

      Lcda. Karla Pacheco Álvarez
      Subprocuradora General

      Lcda. Mónica Cordero Vázquez
      Procuradora General Auxiliar

Materia: Certificación Intrajurisdiccional

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>Peticionario<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, *et als.*<br><br>Recurridos | CT-2014-8 | Certificación Intrajurisdiccional |

RESOLUCIÓN

En San Juan, Puerto Rico, a 30 de julio de 2014.

Examinado el Recurso de Certificación Intrajurisdiccional presentado por el peticionario de epígrafe se declara con lugar. Artículo 3.002(e) de la Ley Núm. 201 de 22 de agosto de 2003, 4 L.P.R.A. sec. 24y; Regla 52.2 (d) de las de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. V, R. 52.2 (d). Véase, Asociación de Maestros y otros v. Sistema de Retiro para Maestros, 2014 T.S.P.R. 58, 190 D.P.R.___(2014). Consecuentemente, conforme a la Regla 23(b)(2) del Reglamento del Tribunal Supremo de Puerto Rico, el caso pasa en su totalidad a la atención de este Tribunal.

A la *Urgente Moción en Oposición a Recurso de Certificación* presentada por el Estado Libre Asociado de Puerto Rico, se provee No Ha Lugar.

Por otro lado, **se paralizan los efectos de la Ley Núm. 109 de 28 de julio de 2014 hasta tanto otra cosa se disponga por este Tribunal**. Regla 57.3 de Procedimiento Civil de Puerto Rico, 32 L.P.R.A. Ap. V. Véase, Asociación de Maestros y otros v. Sistema de Retiro para Maestros, 2014 T.S.P.R. 8, 190 D.P.R. ___ (2014) (Resolución).

Se le concede a la parte peticionaria hasta el 6 de agosto de 2014 para que acredite a este Tribunal haber emplazado a las partes recurridas. Una vez se acredite dicha gestión, las partes contarán con un término de diez (10) días naturales contados a partir de la notificación a este Tribunal para presentar alegaciones responsivas, incluyendo sus respectivos alegatos.

Notifíquese inmediatamente por correo electrónico, fax o teléfono, y por la vía ordinaria.

Lo acordó y ordena el Tribunal, y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Martínez Torres emitió un voto de conformidad al que se unieron la Jueza Asociada señora Pabón Charneco, el Juez Asociado señor Kolthoff Caraballo, el Juez Asociado señor Rivera García y el Juez Asociado señor Feliberti Cintrón. La Juez Asociada señora Rodríguez Rodríguez emitió un voto particular disidente. La Jueza Asociada Oronoz Rodríguez emitió un voto particular disidente al que se unió la Jueza Presidenta señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez.


                        Aida Ileana Oquendo Graulau
                        Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lcdo. Thomas Rivera Schatz

 Peticionario

   v.

Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia, Hon. César Miranda; Colegio de Abogados de Puerto Rico por conducto de su Presidenta, Lcda. Ana Irma Rivera Lassen

 CT 2014-0008

 Recurridos

Voto de conformidad emitido por el Juez Asociado señor MARTÍNEZ TORRES al que se unieron la Jueza Asociada señora PABÓN CHARNECO y los Jueces Asociados señor KOLTHOFF CARABALLO, señor RIVERA GARCÍA y señor FELIBERTI CINTRÓN.

En San Juan, Puerto Rico, a 30 de julio de 2014.

Estoy conforme con la Resolución que antecede. En AMPR et als. v. Sist. Retiro Maestros II, res. el 27 de enero de 2014, 2014 TSPR 8, 2014 JTS 17, 190 DPR __ (2014), dejamos claro que el Poder Judicial tiene facultad para emitir un injunction cuando una demanda contiene alegaciones tan serias y sustanciales que ameritan adjudicarse. Véase, además, R. Hernández Colón, Práctica Jurídica de Puerto Rico: Derecho Procesal Civil, 5ta Edición, Lexis Nexis, 2010, pág. 359.

En primer lugar, en este caso se alega que la ley impugnada (P. de la C. 1366) atenta contra el poder inherente de reglamentación de la profesión

legal sobre la cual este Foro tiene primacía. Véanse, In re Rodríguez Zayas, Op. de 7 de abril de 2014, 2014 TSPR 54, 2014 JTS 63, 190 DPR __ (2014); In re Figueroa Vivas, 182 DPR 347 (2011); In re Gervitz Carbonell, 162 DPR 665, 699 (2004); In re Bosch, 65 DPR 248 (1945); Ex parte Jiménez, 55 DPR 54 (1939).

En segundo lugar, se desprende de la demanda juramentada que en este caso se invocan importantes derechos civiles de los abogados, incluyendo el demandante (derecho de expresión y de asociación), que requieren nuestra atención inmediata.

Como mencionamos en AMPR et als. v. Sist. Retiro Maestros II, supra, es innecesario celebrar una vista evidenciaria como requisito previo para emitir un injunction preliminar cuando no existen controversias de hechos materiales. Luego de analizar con detenimiento el expediente de este caso, es forzoso concluir que la demanda presentada contiene alegaciones serias y sustanciales de derecho que ameritan la expedición del injunction preliminar para suspender los efectos de la ley impugnada. Véase, AMPR et als. v. Sist. Retiro Maestros II, supra. Aquí se alegó bajo juramento que la ley impugnada está privando a la parte demandante de derechos reconocidos por la Constitución de Puerto Rico, por lo que aplica la excepción que establece el Art. 678 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3524.

Ante este cuadro, es risible la alegación que hace la Procuradora General en la pág. 4 de su oposición, de que la emisión de esta orden, sin vista previa, le viola al Estado su derecho a un debido proceso de ley. Como hasta un estudiante de primer año de derecho sabe, "[l]os derechos constitucionales que recoge la Carta de Derechos le asisten a los individuos frente al estado, no viceversa. Estos derechos no pueden extenderse al Gobierno". Mun. de Fajardo v. Srio. Justicia et al., 187 DPR 245, 262 (2012). Véase, además, P.P.D. v. Gobernador II, 136 DPR 916, 923 (1994). Los derechos civiles pertenecen a los ciudadanos, para protegerlos precisamente del Estado. Íd.

Además, en su moción en oposición, "la Procuradora General no ha impugnado ninguna de las alegaciones juramentadas que han hecho los peticionarios en este caso. Así pues, no creó una controversia fáctica que impidiera la emisión de nuestra orden provisional de paralización". AMPR et als. v. Sist. Retiro Maestros II, supra, 2014 JTS 17, pág. 507.

Para finalizar, debe quedar claro que el proceso que hemos pautado no coarta el derecho de la disidencia a expresar su sentir por escrito. Véase la Regla 5(b) de nuestro Reglamento, 4 LPRA Ap. XXI-B. Este calendario acelerado es necesario para proteger los intereses importantes cuya posible violación se alega en la demanda jurada y para defender la independencia de esta Rama Judicial que los padres fundadores de la Constitución nos

encomendaron y que tenemos que salvaguardar con el mayor celo y compromiso. ¿Cuál es el "abuso"? ¿Proteger los derechos de los abogados y las facultades constitucionales de este Tribunal o la ley que recién se aprobó y ahora se impugna? Frente a lo aquí planteado no hay que quejarse de cuántas horas se dieron para emitir la Resolución de hoy. De hecho, se concedió el doble de las tres horas que se le dieron a los Jueces Asociados señores Rebollo López, Corrada del Río y Rivera Pérez en Suárez v. C.E.E. I, 163 DPR 347 (2004), para expresar su disidencia a la decisión que adjudicó las elecciones de 2004. Véase, Domínguez Castro et al. v. E.L.A. I, 178 DPR 1, 162 (2010) (Voto particular del Juez Asociado señor Rivera Pérez).

Al leer la disidencia el lector podría pensar que lo que se pretende es que se lea El Quijote en seis horas. En realidad lo que hay que leer es un recurso de certificación de 28 páginas con un apéndice de 51 folios, más una oposición de cinco páginas. Lo demás es cuestión de conocer el derecho y aplicarlo. **En otras palabras, es cuestión de dedicarse a trabajar, porque para eso el Pueblo nos paga.** No estamos aquí para hacernos de la vista larga ante alegaciones plausibles de violaciones de derechos ni para claudicar ante la posible usurpación de las facultades que la Constitución le delegó a este Tribunal. Eso es lo que diferencia el trámite de este recurso en comparación con lo que hicimos en Col. de Abogados v. E.L.A., 181 DPR 135 (2010). Como explicamos entonces, ninguna de las leyes

impugnadas entonces "usurpó el poder de este Tribunal para reglamentar la profesión de la abogacía en Puerto Rico…" y "toda vez que la legislación que nos ocupa va dirigida a hacer voluntaria la membresía en el Colegio de Abogados de Puerto Rico"… "no [era] necesaria nuestra intervención…". Id., págs 136-137. Ahora se alega que estamos ante la situación contraria. No podríamos exigir que otros respeten nuestras facultades constitucionales si nosotros mismos no lo hacemos. Si eso no requiere nuestra atención urgente entonces seríamos el tribunal más inútil de Puerto Rico. Si a esa irrelevancia es a la que aspira el bloque disidente mi única respuesta es la del proverbio chino: cuidado con lo que deseas.


                                    RAFAEL L. MARTÍNEZ TORRES
                                         Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Lcdo. Thomas Rivera Schatz<br><br>Peticionario<br><br>v.<br><br>Estado Libre Asociado de Puerto Rico, por conducto del Secretario de Justicia, Hon. César Miranda; Colegio de Abogados de Puerto Rico, por conducto de su Presidenta, Lcda. Ana Irma Rivera Lassen<br><br>Recurridos | CT-2014-0008 | Certificación |

Voto particular disidente emitido por la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 30 de julio de 2014

En el pasado nos hemos expresado en innumerables ocasiones sobre el uso y abuso del recurso de certificación intrajurisdiccional por una mayoría de este Tribunal. *Véase por ejemplo Asoc. Fotoperiodistas v. Rivera Schatz*, 180 D.P.R. 920 (2011). Este recurso, por su naturaleza, supone ser utilizado excepcionalmente pues altera el trámite ordinario de nuestros tribunales. *Rivera Soto v. JCA*, 164 D.P.R. 1 (2005).[1] Pese a nuestra

---

[1] En palabras del profesor Luis José Torres Asencio: "[l]a naturaleza extraordinaria de la certificación intrajurisdiccional encuentra su justificación en el importante propósito de asegurar que los asuntos de derecho considerados por nuestros tribunales se sometan a riguroso análisis por las instituciones fundamentalmente distintas que componen el esquema de tres niveles de nuestro sistema judicial". Luis José Torres Asencio, Carril expreso al Supremo, 80grados, 18 de mayo de 2012,

oposición, la utilización de este recurso ha sido la norma para el bloque mayoritario cuando se trata del resguardo de ciertos intereses. El caso de hoy es el mejor ejemplo de ello.

En el recurso de certificación ante nuestra consideración se impugna la Ley Núm. 109 de 28 de julio de 2014, por ésta requerir la colegiación compulsoria y el pago de la colegiación como condición para ejercer la práctica de la abogacía y la notaría. Sobre este asunto la Ley establece lo siguiente:

> Los abogados que a la fecha en que entre en vigor esta Ley no estén colegiados **deberán cumplir** con dicho requisito en un término no mayor de noventa (90) días a contarse desde **el 1ero de enero del próximo año natural posterior a la entrada en vigor de esta Ley.**

Art. 11, Ley Núm. 109 de 28 de julio de 2014.

Es decir, cualquier incidencia sobre los asuntos planteados por los peticionarios no surtiría efecto hasta **90 días después del 1 de enero de 2015.** No obstante, en menos de veinticuatro (24) horas desde presentado el recurso de certificación y mientras el Tribunal está en receso, lo que supone que una mayoría de los jueces y juezas apenas tuvo tiempo para evaluar el recurso, una mayoría da paso a la certificación presentada. Me pregunto — ya al cansancio – ¿por qué la urgencia? ¿Qué razones justifican la premura? La respuesta la ha venido hilvanando una mayoría de este Tribunal en su inusitado proceder al atender recursos de certificación

---

disponible en http://www.80grados.net/carril-expreso-al-supremo/#footnote_10_11976.

intrajurisdiccional, particularmente en instancias en que permean asuntos de índole político partidista.

No es de extrañar entonces que hoy una mayoría opte por encontrar razones para certificar esta controversia. Esto contrasta, por ejemplo, con el interés que no encontró una mayoría de este Tribunal hace apenas unos años en ocasión en que se nos solicitaba que nos expresáramos sobre intereses similares a los hoy en controversia en *Col. Abogados v. E.L.A.,* 181 D.P.R. 135 (2010). En aquella ocasión, sin embargo, era otra la parte demandante y otra la administración de turno.[2]

En el ejercicio de nuestra competencia jurisdiccional constitucional, estamos llamados a la protección y preservación de los derechos del ciudadano frente a los excesos de poder del Estado. Ello nos obliga, necesariamente, a evaluar las acciones del Estado para cerciorarnos que éstas no chocan con los parámetros de la Constitución. Lo que implica, evidentemente, que toda legislación promulgada se puede someter a la evaluación judicial para considerar si es acorde a los parámetros que establece la Constitución.

---

[2] Dicho sea de paso, a diferencia del presente recurso, aquella controversia se inició y continuó su curso ordinario en el Tribunal de Primera Instancia. Posteriormente, ante una determinación del foro primario y una sentencia del Tribunal de Apelaciones que revocó la determinación del foro de instancia, la parte demandante optó por recurrir ante este Tribunal mediante recurso de *certiorari*. En aquella ocasión una mayoría de este Tribunal denegó el recurso presentado mediante una resolución escuetamente fundamentada. Entonces, curiosamente, el bloque mayoritario no encontró interés alguno en que este Tribunal se expresara sobre la controversia.

En el ejercicio de esta extraordinaria competencia, los tribunales deben ser juiciosos, sensatos y prudentes sobre cuándo y cómo abordar estas controversias pues de lo contrario "corren el peligro de convertirse en actores políticos". Rudolf Mellinghoff, *Los tribunales constitucionales entre la autolimitación judicial y la injerencia político constitucional*, pág. 3, disponible en http://www.juridicas.unam.mx/publica/librev/rev/dconstla/cont/2011/pr/pr31.pdf. Es precisamente ante ese peligro, que los tribunales, preocupados por su propia legitimidad, han recurrido a la doctrina de la autolimitación judicial. Esta doctrina exige, o le impone, a ese juez prudente reflexionar sobre el sabio ejercicio de la competencia constitucional.

No se cuestiona que "el Estado constitucional requiere, como condición indispensable de su realización, una jurisdicción constitucional independiente que controle los órganos constitucionales y los obligue a actuar conforme la Constitución". *Id.* pág. 10. Eso es una verdad de Perogrullo. Ese presupuesto no supone, sin embargo, que este Tribunal esté investido de un papel preponderante frente a los otros dos poderes constitucionales.

La Asamblea Legislativa es un órgano que también interpreta la Constitución y lo tiene que hacer para cerciorarse que toda pieza que aprueba no conculque los derechos de los ciudadanos según delineados en la Constitución. Es por ello, entre otras razones, que toda

legislación se presume constitucional. Esta realidad tiene que ser respetada y no ninguneada por este Tribunal. Si bien este Foro es el último intérprete de la Constitución, la Legislatura es su intérprete inicial. El respeto que exigimos a nuestras Opiniones es el mismo que les debemos a los otros actores constitucionales. No podemos exigir que otros nos respeten cuando nosotros no les respetamos.

Con el proceder de hoy, de aceptar una certificación intrajurisdiccional en menos de veinticuatro (24) horas de presentada, nos inmiscuimos a destiempo en esta controversia con visos de adelantar un juicio político sobre la misma. La prudencia exigía que en un ejercicio de autolimitación judicial no interviniéramos en esta etapa de los procedimientos en la controversia. Al hacer lo contrario, el bloque mayoritario continúa erosionando la legitimidad de este Foro transformándolo en un ente inconsecuente para el País. Por entender que no existe fundamento jurídico alguno para expedir esta certificación y atender con urgencia una ley que no surtirá efecto hasta abril de 2015, disiento.

Anabelle Rodríguez Rodríguez
Juez Asociada

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Lcdo. Thomas Rivera Schatz

    Peticionario

      v.                        CT-2014-8

Estado Libre Asociado; Colegio
de Abogados de Puerto Rico

    Recurridos

Voto particular disidente emitido por la Jueza Asociada ORONOZ RODRÍGUEZ al cual se unen la Jueza Presidenta señora Fiol Matta y la Juez Asociada señora Rodríguez Rodríguez

San Juan, Puerto Rico, a 30 de julio de 2014.

Disiento, por entender que el proceder de una mayoría de este Tribunal no solo es precipitado, sino también contrario a derecho. Primero, no existe urgencia alguna que justifique abusar del recurso excepcional de certificación intrajurisdiccional y obviar el trámite ordinario que debe seguir la demanda de epígrafe. Segundo, la solicitud presentada por el Lcdo. Thomas Rivera Schatz no cumple con los requisitos que nuestro ordenamiento exige para paralizar los efectos de una ley que se presume válida y constitucional.

I.

Los hechos procesales que originan la Resolución de la cual disiento son breves. El lunes 28 de julio de 2014, el licenciado Rivera Schatz presentó una demanda en el Tribunal de Primera Instancia. En ésta, impugnó la constitucionalidad de la Ley Núm. 109-2014, aprobada ese mismo día ("Ley de Colegiación Compulsoria"), y solicitó un *injunction* preliminar para suspender su implantación. En el día de ayer, 29 de julio de 2014, a las 10:35 am, presentó la solicitud de certificación que hoy atendemos. Nos solicitó que certificáramos intrajurisdiccionalmente la demanda que presentó ante el foro primario. En solo horas, una mayoría de este Tribunal decidió conceder lo solicitado y certificar una Resolución a esos efectos, a mi entender, erradamente.

II.

La Regla 23 del Reglamento del Tribunal Supremo de Puerto Rico, 4 LPRA Ap. XXI-B, rige el procedimiento para las certificaciones intrajurisdiccionales. A pesar de que dicha Regla dispone que este recurso se expedirá discrecionalmente, ello no nos autoriza a abusar de este recurso para adelantar la consideración de pleitos que todavía están en las etapas más tempranas de los procedimientos ante el Tribunal de Primera Instancia.[3]

El caso de epígrafe no se limita estrictamente a controversias de derecho. Entre las alegaciones incluidas

---

[3] En el caso de autos, por ejemplo, la parte demandante no había tan siquiera emplazado a la parte demandada.

en su demanda, el licenciado Rivera Schatz cuestiona el interés apremiante del Estado para aprobar la Ley de Colegiación Compulsoria. En particular, señala que:

> en ningún lugar en la referida ley se hace mención de problema alguno que las disposiciones de la Ley de Colegiación Compulsoria piensa atajar en materia de la reglamentación o práctica de la profesión legal o del notariado, problemas de acceso a la justicia por parte de la ciudadanía, problemas de disciplina en la profesión, problemas con la competencia de los servicios legales, problemas con el funcionamiento de los tribunales, o mal alguno derivado de la colegiación voluntaria de la abogacía o el notariado. Demanda, pág. 10.

Asimismo, el peticionario asegura que existen "medidas menos onerosas" para adelantar el interés que el Estado alega tener para justificar la aprobación de la ley impugnada.

Por su parte, el Estado presentó una "Urgente moción en oposición a recurso de certificación" en la que sostuvo que

> es de notar que mediante el recurso de certificación el demandante pretende que este Alto Foro dilucide los méritos de la controversia meramente a base de sus alegaciones y sin que se cumpla con un proceso ordinario que le permita a las partes exponer adecuadamente sus respectivas posturas y, de ser necesario, presentar la prueba correspondiente.

De ambas comparecencias, se desprende que las partes están en desacuerdo sobre la constitucionalidad de la legislación en controversia y las consideraciones fácticas que sirvieron de trasfondo para su aprobación. Consecuentemente, entiendo que tanto el peticionario como el Estado deben tener la oportunidad de defender sus

respectivas posiciones mediante un proceso ordinario que ofrezca la oportunidad de presentar prueba, de ser necesario. Esto, como parte del debido proceso de ley que nuestra Constitución garantiza a ambos. Véase Art. II, Sec. 7, Const. ELA, LPRA, Tomo 1.

Es por ello que me opongo a conceder el recurso de certificación intrajurisdiccional aseverando livianamente que el recurso ante nos solo presenta controversias de derecho. Sobre este proceder, comparto la consternación del Prof. Efrén Rivera Ramos:

> preocupa el uso frecuente de los recursos de certificación para elevar cuestiones litigiosas al Tribunal Supremo sin que se tenga el beneficio de desarrollar un récord fáctico apropiado en los tribunales inferiores. Si bien en determinadas y excepcionales ocasiones el recurso de certificación puede servir laudables fines de interés público, su generalización y abuso puede trastocar seriamente la administración de la justicia. Mal utilizado, puede privar a los litigantes, sobre todo a los que litigan contra el Estado, de la oportunidad de presentar adecuadamente sus reclamos, probar sus alegaciones y refutar las alegaciones del Estado demandado. En fin, puede escamotearles el derecho a que sus derechos se adjudiquen sobre bases fundadas en hechos establecidos mediante procesos confiables y justos. Ese abuso puede constituir, en definitiva, una privación efectiva a los litigantes de su día en corte. E. Rivera Ramos & J. Farinacci Fernós, Derecho Constitucional, 80 Rev. Jur. U.P.R. 603, 635 (2011).

III.

Tampoco estoy de acuerdo con ordenar la paralización de los efectos de la Ley de Colegiación Compulsoria. Es evidente que la demanda presentada por el licenciado Rivera Schatz no cumple con la normativa sobre la concesión del

recurso extraordinario de *injunction* preliminar. Al

respecto, el Art. 678(3) del Código de Enjuiciamiento

Civil, 32 LPRA sec. 3524, establece lo siguiente:

> No podrá otorgarse un *injunction* ni una orden de entredicho … [p]ara impedir la aplicación u observancia de cualquier ley de la Asamblea Legislativa de Puerto Rico … a menos que se hubiera determinado por sentencia final, firme, inapelable e irrevisable que dicha ley o actuación autorizada por ley es inconstitucional o inválida.
> …
> Disponiéndose, sin embargo, que el tribunal podrá dictar dicha orden de entredicho provisional, injunction preliminar o permanente sujeto a los términos de la Regla 57 de Procedimiento Civil:
>
> (a) En aquellos casos en que ello sea indispensable para hacer efectiva su jurisdicción y previa una determinación de que la orden es indispensable para evitar un daño irreparable a la parte peticionaria.
>
> (b) Cuando en la petición se alegue que alguna persona, bajo la autoridad de alguna ley, ordenanza, o reglamento del Estado Libre Asociado de Puerto Rico, esté privando o sea el causante de que alguien esté privando al peticionario de algún derecho, privilegio o inmunidad protegido por la Constitución o las leyes del Estado Libre Asociado de Puerto Rico o por la Constitución o leyes de los Estados Unidos de América que sean aplicables a las personas bajo la jurisdicción del Estado Libre Asociado de Puerto Rico.

Por otro lado, la Regla 57.2(b) de Procedimiento

Civil, 32 LPRA Ap. V, requiere que se celebre una vista

para considerar una solicitud de *injunction* preliminar.

Véase D. Rivé Rivera, Recursos Extraordinarios, 1ra ed.,

Atlanta, Ed. Darby Printing Company, 1989, pág. 28. Esto

garantiza el debido proceso de ley de las partes, al

concederles la oportunidad de ser oídas y de presentar su

prueba. Íd. Además, la Regla 57.3 de Procedimiento Civil, *supra*, dispone que, para expedir un recurso de *injunction* preliminar, se deben considerar los siguientes factores:

> (a)   la naturaleza del daño a que está expuesto la parte peticionaria;
>
> (b)   la irreparabilidad del daño o la inexistencia de un remedio adecuado en ley;
>
> (c)   la probabilidad de que la parte promovente prevalezca;
>
> (d)   la probabilidad de que la causa se torne en académica;
>
> (e)   el impacto sobre el interés público del remedio que se solicita, y
>
> (f)   la diligencia y la buena fe con que ha obrado la parte peticionaria. Íd.

Vemos pues que, para conceder un *injunction* preliminar, es indispensable cumplir con el requisito de que el peticionario esté sujeto a sufrir un daño irreparable. Véanse Plaza Las Américas v. N&H, 166 DPR 631 (2005); Mun. de Loíza v. Sucns. Suárez *et al.*, 154 DPR 333 (2001); P.R. Telephone Co. v. Tribunal Superior, 103 DPR 200 (1975).

Otro requisito que nuestras Reglas de Procedimiento Civil, *supra*, exigen en cuanto a la concesión de este tipo de *injunction* está contenido en la Regla 57.5 de dicho cuerpo reglamentario, la cual establece que "[t]oda orden que conceda un entredicho preliminar o permanente deberá expresar las razones para su expedición. Será redactada en términos específicos y describirá con detalle razonable … el acto o actos cuya realización se prohíbe".

En este caso, el peticionario impugna la constitucionalidad de la Ley de Colegiación Compulsoria. De acuerdo al derecho aplicable antes reseñado, esta legislación se presume constitucional y válida. Según exigido por el Art. 678(3) del Código de Enjuiciamiento Civil, *supra*, no podemos ordenar su paralización toda vez que no existe una sentencia final y firme que decrete su inconstitucionalidad o invalidez. Tampoco están presentes los requisitos para paralizarla mediante un *injunction* preliminar. Hacerlo no es indispensable para hacer efectiva nuestra jurisdicción. No existe una determinación judicial previa de que expedir el *injunction* evitaría un daño irreparable al peticionario. De hecho, **la propia ley impugnada establece en su Artículo 13 que "[l]os abogados que a la fecha en que entre en vigor esta Ley no estén colegiados deberán cumplir con dicho requisito en un término no mayor de noventa (90) días a contarse desde el 1ero de enero del próximo año natural posterior a la entrada en vigor de esta Ley"**. (Énfasis suplido). Es decir, los abogados no colegiados y abogadas no colegiadas, como el peticionario, tienen hasta noventa (90) días después del 1 de enero de 2015 para cumplir con lo dispuesto por el estatuto. Siendo así, no hay urgencia alguna para paralizar los efectos de la ley y acelerar precipitadamente el trámite judicial del caso de referencia.

De la misma forma, tampoco procede conceder la paralización solicitada fundamentándonos en que el peticionario alega una violación a sus derechos constitucionales. Para ello, el inciso (b) del Art. 678(3)

del Código de Enjuiciamiento Civil, *supra*, exige celebrar una vista antes de conceder el *injunction* preliminar. Véanse, Regla 57.2(b) de Procedimiento Civil, *supra*; D. Rivé Rivera, *op cit*. Obviar esta exigencia para acoger el curso de acción dispuesto en la resolución implicaría que cualquier ciudadano podría detener la implantación de cualquier ley con solo alegar una violación a sus derechos constitucionales.

Nótese, además, que la Resolución emitida no cumple con la Regla 57.5 de Procedimiento Civil, *supra*, pues no especifica las razones para la expedición del *injunction* preliminar.

Para obviar el craso incumplimiento con el marco jurídico reseñado, la Resolución cita otra Resolución: Asociación de Maestros y otros v. Sistema de Retiro para Maestros, 2014 TSPR 8, 190 DPR ___ (2014). Basta recordar que las Resoluciones no constituyen precedente. Véanse Delgado, Ex parte, 165 DPR 170, 182 (2005); Mayol v. Torres, 164 DPR 517, 546 (2005); Díaz v. Colegio Nuestra Sra. del Pilar, 123 DPR 765, 777 (1989). Véase, además, R.E. Bernier y J.A. Cuevas Segarra, Aprobación e interpretación de las leyes en Puerto Rico, 2da ed., San Juan, Pubs. JTS, 1987, pág. 158.

Por todo lo anterior, entiendo que la prudencia y el derecho nos exigen permitir que el caso siga su trámite ordinario ante el Tribunal de Primera Instancia. Los jueces y juezas de dicho foro cuentan con la experiencia, la capacidad y los recursos para atender este asunto con la rapidez y cuidado que amerita. Así, las partes podrán

presentar sus respectivas posiciones. Una vez el foro primario emita el dictamen correspondiente, la parte que esté inconforme podrá recurrir a los foros apelativos y estaremos en mejor posición para atender detenida pero oportunamente los asuntos planteados.

IV.

Por último, no puedo finalizar mi disenso sin hacer constar mi decepción con el trámite apresurado que una mayoría de este Tribunal impuso para certificar la Resolución de la cual disiento. La solicitud de certificación llegó a este Tribunal en el día de ayer, 29 de julio de 2014, a las 10:35 am. Hoy, a las 10:10 am, se nos circuló el memorando recomendando el curso de acción e informando que la Resolución correspondiente se certificaría **hoy a las 4:00 p.m.** No se nos incluyó copia de la solicitud de certificación que se pretendía conceder.[4]

Además de que el curso de acción es contrario a derecho y de que no existe urgencia alguna que lo justifique, sostengo que, como mínimo, se debió brindar más tiempo a los miembros de este Foro para examinar la solicitud de epígrafe. Me parece desafortunado que haya tenido que formular apresuradamente una posición, sin haber contado desde un inicio con el beneficio de tener copia del recurso y sin que este caso esté revestido del tipo de urgencia que, en otras circunstancias, hubiera justificado

---

[4] La solicitud de certificación fue recibida por la Sala de Verano compuesta por la compañera Juez Asociada señora Rodríguez Rodríguez, la compañera Jueza Asociada señora Pabón Charneco y el compañero Juez Asociado señor Rivera García. Es decir, los restantes seis miembros de este Tribunal no recibimos copia del referido recurso, hasta el día de hoy cerca del mediodía.

tal proceder. En definitiva, esta no es la manera en que el Máximo Foro de nuestro País debe atender asuntos de tan alto interés público.


                                        Maite D. Oronoz Rodríguez
                                             Jueza Asociada