SINDICATO DE POLICÍAS PUERTORRIQUEÑOS, INC., ISMAEL RIVERA ROMÁN, su esposa INGRID YORMARIE DE LA ROSA MARTÍNEZ y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos, JOSÉ M. COLÓN PÉREZ, su esposa SANDRA NEGRÓN PÉREZ y la SOCIEDAD LEGAL DE GANANCIALES compuesta por ambos, y ALBERTO F. MÉNDEZ MORALES, peticionarios, *v.* ESTADO LIBRE ASOCIADO DE PUERTO RICO, POLICÍA DE PUERTO RICO, ADMINISTRACIÓN DE SISTEMA DE RETIRO DE LOS EMPLEADOS DE GOBIERNO y LA JUDICATURA, METROPOLITAN LIFE INSURANCE COMPANY h/n/c METLIFE INSURANCE, y JOHN DOE, recurridos.

*Número:* CT-2014-0013    *Resuelto:* 3 de noviembre de 2014

*Edgar Pérez Durán*, abogado de la parte peticionaria.

## RESOLUCIÓN

Examinada la Solicitud de Certificación Intrajurisdiccional y la Moción en Auxilio de Jurisdicción y de Paralización de los Procedimientos, *se declaran ambas "no ha lugar".*

*Notifíquese inmediatamente por teléfono, facsímil y por la vía ordinaria.*

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado Señor Martínez Torres hizo esta expresión, a la que se unió el Juez Asociado Señor Feliberti Cintrón:

En la Resolución emitida en *Alvarado Pacheco y otros v. ELA*, 188 DPR 594, 621–622 (2013), este Tribunal expresó:

1

"En el pasado, el recurso de certificación intrajurisdiccional ha sido utilizado por este Tribunal 'para atender asuntos que requieren urgente solución, ya sea porque se afecta la administración de la justicia o porque el asunto es de tal importancia que exige una pronta atención'. *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 272–273 (2010).

Tampoco debemos perder de vista que el recurso de certificación es 'de carácter excepcional porque la norma preferida en nuestro ordenamiento es que los casos maduren durante el trámite ordinario para evitar así que el foro de última instancia se inmiscuya a destiempo'. *U.P.R. v. Laborde Torres y otros I*, supra, pág. 272. Véase, además, *Rivera v. J.C.A.*, 164 DPR 1, 7 (2005). Asimismo, la certificación permite que este Foro dilucide algunos casos que de otra forma evadirían nuestros pronunciamientos. *U.P.R. v. Laborde Torres y otros I*, supra, pág. 273; *Presidente de la Cámara v. Gobernador*, 167 DPR 149, 160–161 (2006)".

En este caso no se da ninguna de esas circunstancias. De hecho, es incomprensible que los peticionarios se quejen de una supuesta lentitud del Tribunal de Apelaciones, pero durante los cuatro meses que el caso lleva en ese foro judicial nunca le solicitaron el remedio urgente en auxilio de jurisdicción que por primera vez piden a nosotros. Este Tribunal no debe avalar esa conducta.

En resumen, no se amerita preterir el cauce procesal ordinario en este caso. Corresponde atenderlo al Tribunal de Apelaciones y por eso voto conforme con proveer "no ha lugar" a la solicitud de certificación y a la moción en auxilio de jurisdicción.

El Juez Asociado Señor Rivera García hizo la expresión siguiente:

Estoy conforme con la Resolución emitida por este Tribunal porque entiendo que el recurso de certificación intrajurisdiccional es una medida *extraordinaria* para atender *únicamente* aquellos casos que requieran una solución urgente, "ya sea porque se afecta la administración de la justicia o porque el asunto es de tal importancia que exige una pronta atención". *Alvarado Pacheco y otros v. ELA*, 188 DPR 594, 621 (2013), citando a *U.P.R. v. Laborde Torres y otros I*, 180 DPR 253, 272–273 (2010). En el presente recurso, los peticionarios sostienen que las Secs. 19 y 26 de la Ley Núm. 3-2013 (3 LPRA secs. 787e y 787 *l*) son inconstitucionales en su aplicación, ya que conllevan una deducción no autorizada de los sueldos de los policías. Según arguyen, ello constituye una "confiscación de su sueldo

sin el debido proceso de ley ... que es garantizado por el Artículo II, Sección 7, de nuestra Constitución". Véase Solicitud de certificación intrajurisdiccional, pág. 11.

Tal reclamación, aunque importante y meritorio que la evaluemos *en su momento*, de por sí no es suficiente para que este Tribunal acoja el recurso de certificación solicitado y releve a los peticionarios del trámite apelativo correspondiente. Máxime cuando esta atañe a discrepancias concernientes a la Reforma del Sistema de Retiro, cuya constitucionalidad avaló una mayoría de esta Curia en *Trinidad Hernández et al. v. ELA et al.*, 188 DPR 828 (2013).

Como Tribunal de última instancia, y en el sabio ejercicio de nuestra discreción, no debemos avalar la preterición de los trámites judiciales ordinarios en cualquier caso en que se haga un reclamo de naturaleza constitucional.

El Juez Asociado Señor Estrella Martínez emitió un voto particular disidente, al que se unieron la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Kolthoff Caraballo.

(*Fdo.*) Aida Ileana Oquendo Graulau
*Secretaria del Tribunal Supremo*

— O —

Voto particular disidente emitido por el Juez Asociado Señor Estrella Martínez, al cual se unen la Jueza Asociada Señora Pabón Charneco y el Juez Asociado Señor Kolthoff Caraballo.

Nuevamente, este Tribunal tiene ante su consideración una controversia de alto interés público, entre servidores públicos y el Estado Libre Asociado de Puerto Rico. En esta ocasión, los miembros de la Policía de Puerto Rico reclaman que la implantación de la aportación compulsoria para la compra de un seguro por incapacidad y el que se les imponga a acogerse a un programa de beneficio por incapacidad, seleccionado unilateralmente por el Administrador del Sistema de Retiro, constituye una actuación incons-

titucional en su aplicación.(1) Sin embargo, lejos de ejercer nuestra facultad para otorgar un remedio adecuado, completo y oportuno, una mayoría de este Tribunal decide no atender el reclamo laboral de los servidores públicos.

## I

El Sindicato acudió ante el Tribunal de Primera Instancia mediante una *Petición de injunction preliminar y permanente y sentencia declaratoria.* En síntesis, arguyeron que la aplicación de los Arts. 5-105(c) y 5-112 de la Ley Núm. 3-2013 (3 LPRA secs. 787e(c) y 787*l*), constituye una incautación de su salario y les priva de su propiedad sin el debido proceso de ley al descontárseles una cantidad para el pago de una póliza sin que hayan autorizado ese descuento y desconociendo los beneficios que ofrece el alegado seguro. Asimismo, señalaron que les aplica las disposiciones contenidas en la Ley de Pagos de Salarios, 29 LPRA sec. 171 *et seq.*, por lo que, sin su autorización, no se les puede deducir de su salario cantidad alguna para el pago de un seguro por incapacidad. A su vez, argumentan que no existe justificación para requerirles a los policías un seguro por incapacidad cuando no se les exige tan siquiera un seguro de vida.

Posteriormente, el Tribunal de Primera Instancia emitió una Sentencia el 24 de marzo de 2014 en la que desestimó la petición del Sindicato. Al así hacerlo, concluyó que este no tenía derecho a remedio alguno y que la Ley de Pagos de Salarios solo aplica a los empleados del Estado cuando el descuento tenga que ver con pagos de hipotecas o préstamos personales suscritos con el Sistema de Retiro que le cobije. Asimismo, determinó que la Ley Núm.

---

(1) Véase Arts. 5-105(c) y 5-112 de la Ley Núm. 3-2013 (3 LPRA secs. 787e(c) y 787*l*), respectivamente. Mediante estos artículos se requiere una aportación compulsoria de los empleados públicos para la compra de un seguro por incapacidad que el Administrador determine que son necesarias siempre que la aportación requerida sea igual o menor a un cuarto por ciento (0.25%) de la retribución del participante.

3-2013 constituye el estatuto específico aplicable y que esta requiere la aportación compulsoria para la adquisición de un seguro por incapacidad sin autorizar al empleado a seleccionarlo libremente.

Inconforme, desde junio de 2014, el Sindicato acudió ante el Tribunal de Apelaciones. En su recurso de apelación señaló que erró el foro primario al: (1) declarar que la Ley de Pagos de Salarios no aplica a los empleados gubernamentales; (2) interpretar que el descuento no es ilegal; (3) determinar que carece de un remedio, y (4) no determinar la inconstitucionalidad de los artículos señalados. Al día de hoy el foro intermedio no ha adjudicado la controversia ante su consideración.

Como consecuencia, el Sindicato acude ante este Tribunal y nos solicita que atendamos en certificación la controversia que está pendiente de adjudicación ante el Tribunal de Apelaciones y que paralicemos la vigencia de estos artículos hasta que se resuelvan sus reclamos.

## II

En reiteradas ocasiones he expresado que es obligación de esta Curia atender de forma oportuna un reclamo de los sectores de nuestra fuerza trabajadora. Véase el voto de conformidad en *AMPR et als. v. Sist. Retiro Maestros I*, 190 DPR 77, 80 (2014). Igualmente, he expuesto que es mi norte "hacer viable la oportuna, justa, rápida y económica administración de las controversias". Voto particular disidente en *Rivera Schatz v. ELA y C. Abo PR I*, 191 DPR 470, 478 (2014). Máxime cuando estamos ante situaciones de alto interés público con repercusiones económicas en el salario de cientos de servidores públicos que protegen y velan por la vida, propiedad y seguridad pública. Véase, además, el voto particular emitido en *Alvarado Pacheco y otros v. ELA*, 188 DPR 594, 646 (2013). Ello requiere la atención diligente de los foros judiciales para que la parte que le

asista la razón pueda recibir un remedio completo, oportuno y adecuado, lo cual no ha ocurrido en el tracto procesal que nos ocupa. Véase la opinión de conformidad emitida en *Doral et al. v. ELA et al. III*, 191 DPR 422 (2014). No podemos pasar por alto que los tribunales ostentamos el poder inherente para conceder cualquier remedio que en equidad proceda y tomar aquellas medidas extraordinarias para resolver los casos de alto interés público. Véase el voto particular de conformidad emitido por la Jueza Asociada Señora Pabón Charneco en *AMPR et als. v. Sist. Retiro Maestros II*, 190 DPR 88, 92 (2014).

## III

No albergo la menor duda de que los cambios adoptados al sistema de retiro de los empleados públicos, que impacta a los miembros de la Policía de Puerto Rico, al incautar parte de su salario para la compra de un seguro de incapacidad, es un asunto que requiere la intervención y pronta adjudicación de este Tribunal. No podemos pasar por alto no solo que estos reclaman que se les ha confiscado su salario sin su consentimiento sino que, además, se les ha impedido evaluar los efectos del programa y del proveedor que se les impuso unilateralmante.

Hoy, una mayoría de este Tribunal considera que no es necesario certificar una controversia de interés público, relacionada con servidores públicos que protegen y velan por la vida, propiedad y seguridad pública.

Nótese que no nos encontramos ante reclamos de intereses privados. Ante tales reclamos de naturaleza pública, opino que este Tribunal debió actuar inmediatamente, paralizar los efectos de los artículos en controversia y certificar el caso ante el Tribunal de Apelaciones.