EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Asociación de Abogados de Puerto Rico<br><br>Peticionaria<br><br>v.<br><br>Alejandro García Padilla, en su carácter oficial como Gobernador de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>Recurridos | 2015 TSPR 122<br><br>193 DPR ____ |

Número del Caso:     CT-2015-10


Fecha: 11 de septiembre de 2015



Abogado del Peticionario:

        Lcdo. John E. Mudd


Oficina de la Procuradora General:

        Lcda. Margarita Mercado Echegaray
        Procuradora General

        Lcdo. Iván Rivera Labrador
        Procuradora General Auxiliar



Materia: Resolución del Tribunal con Voto particular disidente.


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Abogados de Puerto Rico

       Peticionaria

        v.                  CT-2015-10

Alejandro García Padilla, en su carácter oficial como Gobernador de Puerto Rico; Estado Libre Asociado de Puerto Rico

       Recurrido


RESOLUCIÓN

En San Juan, Puerto Rico, a 11 de septiembre de 2015.

Al "Recurso de certificación intrajurisdiccional" y la "Moción en auxilio de jurisdicción", no ha lugar.

Notifíquese inmediatamente.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Estrella Martínez emitió un Voto Particular Disidente al cual se unieron la Jueza Asociada señora Pabón Charneco y los Jueces Asociados señor Kolthoff Caraballo y señor Rivera García.


María I. Colón Falcón
Secretaria del Tribunal Supremo Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | | |
|---|---|---|
| Asociación de Abogados de Puerto Rico<br><br>        Peticionaria<br><br>            v.<br><br>Alejandro García Padilla, en su carácter oficial como Gobernador de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>        Recurridos | CT-2015-010 | Certificación |

Voto particular disidente emitido por el Juez Asociado SEÑOR ESTRELLA MARTIÍNEZ al cual se unen la Jueza Asociada SEÑORA PABÓN CHARNECO y los Jueces Asociados SEÑORES KOLTHOFF CARABALLO Y RIVERA GARCÍA

San Juan, Puerto Rico, a 11 de septiembre de 2015.

Hoy tenemos ante nuestra consideración una controversia provocada por la aprobación de un impuesto que incide directamente en el aumento de los costos de servicios legales y, por ende, impacta el acceso a la justicia. Ante la coyuntura histórica que enfrenta el Gobierno y el Pueblo de Puerto Rico, considero que este Tribunal debió ejercer su rol de otorgar un remedio oportuno y brindarle certeza al estado de derecho, previo a la inminente vigencia del nuevo impuesto, para beneficio de todas las partes en este pleito y, más importante aún, para la ciudadanía que necesita procurar servicios legales. Al no certificarse el recurso, respetuosamente disiento.

I

El pasado 9 de septiembre de 2015 compareció la Asociación de Abogados de Puerto Rico (Asociación) mediante un *Recurso de Certificación Intrajurisdiccional* y *Moción en Auxilio de Jurisdicción*. En esencia, nos solicita que atendamos la demanda presentada desde el 15 de junio de 2015 ante el Tribunal de Primera Instancia, en la cual reclama la inconstitucionalidad de la Ley Núm. 72-2015. El referido estatuto impone un impuesto de 4% por ciento por los servicios ofrecidos a partir del 30 de septiembre de 2015 hasta el 1 de abril de 2016. Posteriormente, estos servicios estarán sujetos a un impuesto a razón de un 10.5%.

La Asociación alega que la Ley Núm. 72-2015 es inconstitucional toda vez que viola el privilegio abogado-cliente, la separación de poderes, y la igual protección de las leyes. A estos efectos, arguye que imponerle actuar como "agente retenedor" implicaría la potestad del Departamento de Hacienda de indagar sobre los ciudadanos que han recibido servicios legales y el poder de auditar los expedientes en aras de determinar si en efecto se cumplió con la obligación impuesta por el estatuto. Igualmente, la Asociación expone que la aprobación del estatuto viola la facultad y el poder inherente de este Tribunal de regular la profesión de la abogacía. De otra parte, reclama que el trato desigual

con otros profesionales de servicio constituye una trasgresión a la igual protección de las leyes. Asimismo, sostiene que las exenciones creadas para la prestación de servicios legales bajo honorarios contingentes en reclamaciones judiciales en casos de familia, alimentos, daños por impericia médica y daños físicos y angustias mentales no tienen una base racional.

Por su parte, el Estado Libre Asociado de Puerto Rico (Estado) presentó el 17 de agosto de 2015 una *Moción de Desestimación* en la que sostuvo que la obligación de los profesionales legales no viola el privilegio abogado-cliente debido a que éste sólo protege las comunicaciones y el producto del trabajo del abogado, lo que resulta irrelevante para pagar el impuesto establecido. A su vez, argumenta que no existe violación alguna a la cláusula de separación de poderes porque el estatuto no regula nada concerniente a la práctica de la abogacía ni los poderes delegados a este Tribunal. Por el contrario, resalta que en nuestro esquema constitucional le corresponde a la Asamblea Legislativa la facultad de imponer legislación contributiva. Igualmente, el Estado arguye que no es de aplicación la cláusula de igual protección de las leyes, ya que no existe ninguna clasificación sospechosa que la active. Ante tal solicitud, la Asociación presentó su correspondiente oposición el 8 de septiembre de 2015. Así las cosas, el caso está señalado para una vista de

seguimiento ante el Tribunal de Primera Instancia a celebrarse el 21 de septiembre de 2015.

II

En reiteradas ocasiones he expresado que es la obligación de este Tribunal "viabilizar la oportuna, justa, rápida y económica administración de las controversias". *Véase* Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en Rivera Schatz v. ELA y C. Abo P.R. I, 191 DPR 470, 478 (2014). Ello, requiere la atención diligente de los foros judiciales para que la parte que le asista la razón pueda recibir un remedio completo, oportuno y adecuado. *Véase* Voto de conformidad emitido por el Juez Asociado señor Estrella Martínez en Doral *et al.* v. ELA *et al.* III, 191 DPR 422, 430 (2014).

A mi juicio, el recurso de certificación intrajurisdiccional es un mecanismo que viabiliza esta norma de la sana administración de justicia. Ello, pues nos permite considerar de inmediato asuntos de alto interés público que se encuentran ante la consideración de foros inferiores, sin la necesidad de seguir el trámite ordinario de los procedimientos. *Véanse* UPR v. Laborde Torres y otros, 180 DPR 253, 272-273 (2010); Rivera v. JCA, 164 DPR 1, 7 (2005); Art. 3.002(e) de la Ley de la Judicatura de 2003, 4 LPRA sec. 24s (e).

En el caso de autos, estamos ante un reclamo que requiere la pronta atención de los tribunales. Por un

lado, se apela al hecho de que la controversia planteada concierne y afecta de inmediato el acceso a los servicios legales en nuestra jurisdicción y, por otra parte, se requiere una determinación inmediata para que el Estado tenga certeza con relación a los ingresos al erario para viabilizar cualquier plan en la reestructuración económica y fiscal del país. De igual forma, es importante considerar que los efectos de la Ley Núm. 72-2015 que afectan a los profesionales que proveen servicios legales de retener el impuesto conforme dispone el estatuto tendrían lugar a partir del 30 de septiembre de 2015. Ante ello, el reclamo debe ser tramitado con la prontitud necesaria para disponer de forma final y firme cualquier contención con relación a la constitucionalidad del estatuto.

Considero que la Asociación tramitó con diligencia su reclamo a días de haberse aprobado la Ley Núm. 72-2015. Igualmente, una vez presentada la demanda, al día siguiente emplazó al Estado. No obstante, no es hasta transcurrido un mes de su emplazamiento que el Estado presenta una solicitud de desestimación, la cual al día de hoy no ha sido resuelta por el foro primario. Tal proceder no refleja una tramitación adecuada y diligente para el reclamo presentado dada la cercanía de la fecha en que tendrían lugar las disposiciones de la Ley Núm. 72-2015.

No menos preocupante, el Tribunal de Primera Instancia lleva desde el mes de junio atendiendo el caso y el próximo señalamiento está pautado para el 21 de septiembre de 2015, restando sólo 9 días para que entre en vigor el impuesto impugnado.

Como consecuencia, considero que este Tribunal debió intervenir efectivamente para disponer de los planteamientos de las partes. Máxime cuando estamos ante un asunto de estricto derecho. Esa es la función que le corresponde a nuestra Rama Judicial. Sabido es que en la democracia cada Rama de Gobierno responde a su obligación constitucional. Así, es el deber de los tribunales resolver a favor de quien le asiste el derecho. Ciertamente, hay acciones gubernamentales que pueden ser remediadas desde un tribunal y otras tienen que combatirse en la urna electoral. Lo que también debería ser cierto es que este Tribunal no debe temer a dilucidar si nos encontramos ante una u otra. Con la omisión de la mayoría, se prolonga innecesariamente el estado de incertidumbre, a pesar de la inminencia de la ley en controversia.

Por tanto, hubiera certificado la controversia de marras para disponer de ésta con la celeridad que amerita.

Luis F. Estrella Martínez
Juez Asociado