EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| Asociación de Abogados de Puerto Rico<br><br>Peticionaria<br><br>v.<br><br>Alejandro García Padilla, en su carácter oficial como Gobernador de Puerto Rico; Estado Libre Asociado de Puerto Rico<br><br>Recurrido | 2015 TSPR 128<br><br>193 DPR ____ |

Número del Caso: CT-2015-10


Fecha: 28 de septiembre de 2015



Abogado de la Parte Peticionaria:

       Lcdo. John E. Mudd


Oficina de la Procuradora General:

       Lcda. Margarita Mercado Echegaray
       Procuradora General

       Lcdo. Iván Rivera Labrador
       Procurador General Auxiliar


Materia: Resolución del Tribunal con Voto Particular Disidente


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Abogados de
Puerto Rico

       Peticionaria

           v.

Alejandro García Padilla, en
su carácter oficial como
Gobernador de Puerto Rico;
Estado Libre Asociado de
Puerto Rico

       Recurrido

CT-2015-10

RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de septiembre de 2015.

Examinada la Moción en Reconsideración a Certificación Instrajurisdiccional y Auxilio de Jurisdicción presentada por la Asociación de Abogados de Puerto Rico el 23 de septiembre de 2015, se provee no ha lugar.

Notifíquese inmediatamente por teléfono y vía fax.

Lo acordó el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rivera García emitió un Voto particular disidente, al cual se unió la Jueza Asociada señora Pabón Charneco. El Juez Asociado señor Estrella Martínez hace constar las siguientes expresiones, a las cuales se unieron la Jueza Asociada señora Pabón Charneco y el Juez Asociado señor Kolthoff Caraballo:

> El Juez Asociado señor Estrella Martínez disiente y reitera que certificaría el recurso presentado por la Asociación de Abogados de Puerto Rico por las consideraciones expuestas en su Voto Particular Disidente emitido en <u>Asociación</u>

de Abogados de PR v. Alejandro García Padilla, *et al.*, 2015 TSPR 122, 193 DPR ___ (2015). En consecuencia, ante la presentación del caso Civil Núm. K PE2015-3169, presentado por el Colegio de Abogados y Abogadas de Puerto Rico, hubiese certificado el mismo y consolidado ambos recursos. Véanse Art. 3.002 de la Ley de la Judicatura de 2003, 4 LPRA sec. 24s; Alvarado Pacheco y otros v. ELA, 188 DPR 594 (2013).


María I. Colón Falcón
Secretaria del Tribunal Supremo, Interina

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Asociación de Abogados de
Puerto Rico

Peticionario

v.                                    CT-2015-10

Alejandro García Padilla, en
su carácter oficial como
Gobernador de Puerto Rico;
Estado Libre Asociado de
Puerto Rico

Recurridos

**Voto Particular Disidente emitido por el Juez Asociado señor Rivera García al cual se une la Jueza Asociada señora Pabón Charneco**

En San Juan, Puerto Rico, a 28 de septiembre de 2015.

La imposición de un impuesto sobre las ventas y uso (IVU) a los servicios legales que proveen los abogados y abogadas a nuestra ciudadanía es un asunto que, *al menos inicialmente*, parecería ir más allá de las facultades constitucionales de la Asamblea Legislativa para establecer la política pública contributiva en Puerto Rico. Esto porque, por ejemplo, no tan solo se establece una medida que afecta la administración y acceso a la justicia en su sentido más básico y primario – la búsqueda del ciudadano de asesoría

legal – sino que se impone, además, como una *condición* necesaria e ineludible para que un grupo de abogados y abogadas practiquen la profesión legal en Puerto Rico, lo cual indudablemente trastoca la facultad inherente y *exclusiva* de este Tribunal Supremo de regular el ejercicio de la abogacía.[1] En ese panorama, y ante la inminente vigencia del referido impuesto cuya inconstitucionalidad están impugnando tanto la Asociación de Abogados como el Colegio de Abogados y Abogadas de Puerto Rico, no hay duda de que este Tribunal debió ejercer su poder discrecional para acoger el recurso de certificación intrajurisdiccional peticionado y certificar *motu proprio* la demanda civil número K PE2015-3169.[2]

Ciertamente, reitero mi posición de que este Tribunal debe utilizar sabiamente el ejercicio de su discreción y conforme a ello no debe avalar la preterición de los trámites judiciales ordinarios en cualquier caso en que se haga un reclamo de naturaleza constitucional. Después de todo, tanto el Tribunal de Primera Instancia como el

---

[1] Nótese que la Ley Núm. 72-2015 enmendó la Sección 4210.01(c) del Código de Rentas Internas de Puerto Rico para establecer un impuesto especial *inicial* de 4% sobre ventas y uso aplicable a ciertos servicios profesionales designados realizados a partir del 1 de octubre del presente año, entre los cuales se incluyó los servicios legales. Conforme a esta enmienda, los abogados y las abogadas que brinden servicios legales que cuenten con un volumen anual agregado de $50,000.00 o más tienen hasta este miércoles 30 de septiembre para cambiar su certificado de registro de comerciante exento para convertirse en agentes retenedores del Departamento de Hacienda. En términos sencillos, esto implica que un gran número de abogados y abogadas en Puerto Rico tendrán que cobrarle a la ciudadanía que acuda en búsqueda de sus servicios la cantidad de 4% de IVU, lo cual eventualmente se convertirá en un 10.5%.

[2] Véase, Art. 3.002 de la Ley Núm. 201-2003, según enmendada, conocida como "Ley de la Judicatura del Estado Libre de Asociado de Puerto Rico de 2003". (4 LPRA sec. 24s).

Tribunal de Apelaciones están facultados para atender tales reclamaciones. Siendo así, nuestra intervención temprana en un caso debe ser de manera excepcional y ante un cuadro fáctico que indudablemente requiera atención inmediata, como, precisamente, ocurre en el presente caso.

Hoy, lamentablemente, una mayoría de mis compañeros y compañeras fallan en ver tal urgencia y optan por declarar *no ha lugar* la primera moción de reconsideración presentada por la parte peticionaria. En desacuerdo con ese proceder, disiento.


Edgardo Rivera García
Juez Asociado